**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4702
_____

UNITED STATES OF AMERICA

v.

LAWRENCE FUDGE
a/k/a
LARRY FUDGE

Lawrence Fudge,
             Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2:11-cr-00644-001)
District Judge: Honorable Lawrence F. Stengel
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 2, 2014
_____

Before: AMBRO, CHAGARES, and VANASKIE, *Circuit Judges*.

(Opinion Filed: November 24, 2014)
_____

OPINION[*]
_____

VANASKIE, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Lawrence Fudge pleaded guilty to a 33-count indictment stemming from his role as the leader of an identity theft and fraud scheme in Philadelphia. Fudge now appeals his sentence, contending that the District Court erred by: (1) miscalculating his advisory range under the Sentencing Guidelines; (2) imposing consecutive terms of imprisonment for his aggravated identity theft convictions under 18 U.S.C. § 1028A without adequately considering the factors set forth in the commentary to U.S.S.G. § 5G1.2; and (3) imposing consecutive terms of supervised release in violation of 18 U.S.C. § 3624(e). For the reasons discussed below, we will remand the case to the District Court to eliminate the consecutive terms of supervised release, but affirm the sentence in all other respects.

I.

From at least 2006 through 2012, Fudge ran an extensive identity theft and fraud scheme in the Philadelphia metropolitan region. Fudge recruited employees from multiple banks and an insurance company to provide him with customer personal identification and account information. Fudge then directed other individuals to assume these stolen identities in order to conduct fraudulent transactions at the banks or open credit accounts and make purchases at major retailers. In all, Fudge's scheme compromised the identities of dozens of individuals and caused over $300,000 in losses.

In 2011, a grand jury in the Eastern District of Pennsylvania indicted Fudge on one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371; six counts

2

of bank fraud, in violation of 18 U.S.C. § 1344; eight counts of access device fraud, in violation of 18 U.S.C. § 1029; and 18 counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A. Fudge subsequently pleaded guilty to all counts on December 10, 2012, pursuant to a written plea agreement that included a waiver of appellate and collateral rights.

Following Fudge's guilty plea, the United States Probation Office conducted an investigation and generated a Presentence Report ("PSR") detailing Fudge's offense conduct, his criminal history and personal characteristics, and the sentencing options available to the District Court. Based on a total offense level of 24 and a criminal history category of III, the PSR calculated a Guidelines range of 63 to 78 months' imprisonment for the conspiracy and fraud convictions, which were grouped together under U.S.S.G. § 3D1.2(d).[1] The PSR also calculated an "additional consecutive range of 24 to 432 months" for the 18 aggravated identity theft convictions under § 1028A, setting the mandatory two-year imprisonment term for such a conviction as the bottom of the range

---

[1] Section 3D1.2 of the Sentencing Guidelines provides, in pertinent part, that:

> All counts involving substantially the same harm shall be grouped together into a single Group. Counts involve substantially the same harm within the meaning of this rule . . . (d) [w]hen the offense level is determined largely on the basis of the total amount of harm or loss, . . . or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior.

U.S.S.G. § 3D1.2(d).

and 18 of the two-year terms as the top of the range.[2]  (PSR at 18.)  By adding both the conspiracy/fraud and the identity theft ranges together, the PSR determined that Fudge's "effective" Guidelines range for all counts was 87 to 510 months.  (*Id.*)  Neither party objected to the PSR's Guidelines calculations.

At the sentencing hearing on March 14, 2013, the District Court adopted the PSR, heard testimony regarding the impact of Fudge's conduct, and considered the factors listed in 18 U.S.C. § 3553(a).  The District Court then announced that it would sentence Fudge to a term of imprisonment of 72 months for the conspiracy and fraud convictions, with these terms to be served concurrently.  The District Court stated that it would impose an additional 72 months for the aggravated identity theft convictions under § 1028A, consisting of three consecutive 24-month terms for three "different groupings" of these convictions.  In addition to this 144-month total term of imprisonment, the District Court stated that it would impose a ten-year term of supervised release with three years for the conspiracy conviction, five years for the bank fraud convictions, ten years for the access device fraud convictions, and one year for the aggravated identity theft convictions.

Following a pause in the proceedings, the Government requested a sidebar conference to discuss the announced term of supervised release.  During this conference,

---

[2] In setting this additional range, the PSR noted that while a conviction under § 1028A carries a mandatory two-year term of imprisonment that must be served consecutive to the conspiracy and fraud convictions, the District Court retained discretion to run the terms of imprisonment for multiple convictions under § 1028A concurrently, in whole or in part, with each other. *See* 18 U.S.C. § 1028A(a)(1), (b)(2), and (b)(4).

4

the District Court indicated its belief that the maximum term of supervised release that could be imposed was 15 years, while counsel for the Government and Fudge stated that the longest supervised release term available for any conviction was five years. The District Court responded "[w]ell, I can give him two consecutive five years." Neither party objected to this statement. (App. at 146-47.) The District Court then announced that it would modify its sentence by imposing a three-year term of supervised release for the conspiracy conviction, five years for the bank fraud convictions, two years for the access device fraud convictions, and no term of supervised release for the aggravated identity theft convictions. The District Court declared that these terms would "run consecutively for a total period of supervised release of ten years." (*Id.* at 148.)[3]

Fudge, acting pro se, filed a timely notice of appeal and a motion requesting the appointment of counsel, which we granted.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We generally review sentencing decisions for abuse of discretion. *United States v. Tomko,* 562 F.3d 558, 567 (3d Cir. 2009) (en banc). However, where the defendant, as here, failed to raise his objections

---

[3] The written judgment the District Court entered on April 24, 2013, differed in one respect from the pronouncement at the sentencing hearing: it imposed a 48-month term of imprisonment for Fudge's conspiracy conviction, instead of the announced term of 72 months. Because this term ran concurrently with the 72-month terms imposed on his fraud convictions, this change did not alter the District Court's 144-month total. The parties did not address this change in their briefing, nor does it impact our analysis.

5

before the sentencing court, we review for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (en banc). We review *de novo* the validity of appellate waivers, *United States v. Jackson*, 523 F.3d 234, 237 (3d Cir. 2008), and exercise plenary review over whether an issue raised on appeal falls within the scope of the appellate waiver. *United States v. Castro*, 704 F.3d 125, 135 (3d Cir. 2013).

III.

A.

Fudge argues that the District Court committed plain error in setting a term of imprisonment of 87 to 510 months as his "effective" Guidelines range. While Fudge does not contest the range set for his grouped conspiracy and fraud convictions (63 to 78 months), he asserts that the District Court improperly calculated an additional range of 24 to 432 months for his 18 aggravated identity theft convictions under § 1028A. The Government asserts that Fudge's plea agreement waived any right to challenge these Guidelines calculations, and, even absent the waiver, the District Court's calculations do not amount to plain error. We agree with the Government in both respects.

Turning first to the issue of waiver, we have stated that there are three elements to be considered when the Government invokes a plea agreement's appellate waiver provision: (1) whether the defendant's waiver of the right to appeal his sentence was knowing and voluntary; (2) whether one of the specific exceptions set forth in the agreement prevents the enforcement of the waiver, i.e., what is the scope of the waiver and does it bar appellate review of the issue pressed by the defendant; and (3) whether

6

enforcing the waiver would work a miscarriage of justice. *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008) (citing *United States v. Jackson*, 523 F.3d 234, 243-44 (3d Cir. 2008)). Fudge focuses on the second factor only, asserting that his challenge to the District Court's imposition of an unreasonable sentence above the correct range does not fall within the scope of the waiver provision, at least as that provision was explained to him at his plea hearing.

Paragraph 10 of Fudge's plea agreement provides:

> In exchange for the undertakings made by the government in entering this plea agreement, *the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution*, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

(Supp. App. at 5-6 (emphasis added).) The one exception from this expansive waiver upon which Fudge relies to press his challenge to his sentence requires that he show an "unreasonable sentence above the final Sentencing Guideline range determined by the Court." (*Id.* at 6.)

Although conceding that the plain language of this exception does not authorize a challenge to the District Court's Guidelines calculations, and thus does not permit him to now appeal his sentence, Fudge argues that the District Court's summary of the waiver provision during the plea colloquy created an ambiguity that should be construed against the Government. During the colloquy, the District Court explained:

> You also in this agreement have given up your right to appeal

7

> from any sentence that I impose. You have certain limited
> opportunities for appeal, such as . . . if I would sentence you
> to an unreasonable sentence above the guidelines . . . .

(*Id.* at 27.) Fudge contends that because the District Court's summation of this exception left out the qualifying phrase "Sentencing Guideline range *determined by the court*," (*id.* at 6 (emphasis added)), it was not clear to him that he would be precluded from appealing if the District Court erred in calculating the Guidelines range but imposed a sentence within that erroneous range.

Fudge's argument is unpersuasive. Fudge is permitted a direct appeal if the District Court imposes "an unreasonable sentence above the final Sentencing Guideline range *determined by the Court*." (*Id.* (emphasis added).) It is apparent from this clear language that Fudge may challenge the imposition of an unreasonable sentence above the Guidelines range calculated by the District Court, but not the District Court's calculation of that very range.

Fudge seeks to avoid this conclusion by noting that we have recognized that statements made by the sentencing judge during a plea colloquy "can create ambiguity where none exists in the plain text of the plea agreement." *United States v. Saferstein*, 673 F.3d 237, 243 (3d Cir. 2012). We reject, however, Fudge's claim that the colloquy in this case muddled the plea agreement's clear language. The District Court apprised Fudge that, by entering into the plea agreement, he was "giv[ing] up [his] right to appeal from any sentence that I impose" with the exception of "certain limited opportunities for appeal." (Supp. App. at 27.) The District Court then listed these limited exceptions,

8

including the right to appeal if the court "would sentence you to an unreasonable sentence above the guidelines, which is unlikely." (*Id.*) The District Court concluded that "for all practical purposes, you'[re] giv[ing] up your right to appeal." (*Id.*) This admonition by the District Court did not inject ambiguity into the plea agreement; rather, it properly apprised Fudge of the very limited circumstances where an appeal would be permitted. Conspicuously absent from this list was the opportunity to appeal if the District Court committed an error in calculating the Guidelines range. We conclude, therefore, that Fudge's present challenge to the Guidelines calculations is barred because it does not fall within one of the enumerated exceptions to the broad waiver provision in his plea agreement.

In the alternative, we agree with the Government's assertion that the District Court's Guidelines calculations did not constitute plain error. The District Court arrived at an "effective" Guidelines range of imprisonment of 87 to 510 months by combining the term of 63 to 78 months for Fudge's conspiracy and fraud convictions with an additional range of 24 to 432 months for his 18 aggravated identity theft convictions under § 1028A. Reasoning that the mandatory two-year term of imprisonment for each § 1028A conviction must be consecutive to terms imposed on his conspiracy and fraud convictions but could be served concurrently with each other, *see* § 1028A(a)(1), (b)(2), and (b)(4), the District Court set one of these two-year terms as the low end of this additional range (the minimum he would face if all § 1028A terms ran concurrently) and 18 of these terms as the upper term limit (the maximum sentence if all § 1028A terms ran

9

consecutively).

In essence, this range represented the minimum and maximum advisory sentences for Fudge's 18 convictions under § 1028A. While Fudge now asserts that the District Court should have calculated his effective range under the Guidelines by simply adding 24 months to both the low end and high end of the range set for his conspiracy and fraud convictions (for a total range of 87 to 102 months), neither the Guidelines nor our case law compels this approach. Accordingly, we discern no plain error in the District Court's Guidelines calculations.

B.

Fudge next argues that the District Court committed plain error by imposing three consecutive two-year terms of imprisonment for his aggravated identity theft convictions under § 1028A without discussing the commentary to U.S.S.G. § 5G1.2, which provides a list of factors courts should consider when determining whether to run multiple § 1028A sentences concurrently. Because Fudge's sentence fell within the advisory Guidelines range, however, the appellate wavier precludes this challenge.[4] Even if this

---

[4] In his reply brief, Fudge asserts that his challenge falls within the exception that permits an appeal where "the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines," arguing that the District Court departed upward by imposing three consecutive sentences despite the general rule that § 1028A sentences should run concurrently where, as here, the underlying offenses may be grouped together under § 3D1.2. *See* U.S.S.G. § 5G1.2, cmt. n. 2(B)(ii). We disagree. The fact that the commentary establishes a general rule of concurrent terms does not mean that imposition of consecutive prison terms represents an upward departure. The term "departure" in the sentencing context is a term of art that refers to a sentence outside the advisory Guidelines range for a reason authorized by the Guidelines. *See United States v. Brown*,

argument did not fall within the appeal waiver, the District Court's failure to expressly reference the § 5G1.2 factors does not amount to plain error.

The commentary to U.S.S.G. § 5G1.2 provides a non-exhaustive list of factors courts "should consider" when determining whether to run multiple terms concurrently or consecutively. They are "[t]he nature and seriousness of the underlying offenses," "[w]hether the underlying offenses are groupable under § 3D1.2," and "[w]hether the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2) are better achieved by imposing a concurrent or a consecutive sentence for multiple counts of 18 U.S.C. § 1028A." U.S.S.G. § 5G1.2, cmt. n. 2(B). Fudge argues that the District Court erred by failing to consider these factors, while the Government asserts that the District Court adequately considered these factors without expressly invoking them.

Although failing to reference the § 5G1.2 factors by name, the District Court considered the first and third factors listed—the nature and seriousness of Fudge's conspiracy and fraud convictions as well as the purposes of sentencing under § 3553(a)(2)—during the course of a thorough sentencing hearing. Under these circumstances, we discern no plain error in the District Court's imposition of three consecutive two-year sentences for Fudge's 18 convictions under § 1028A.

## C.

Fudge lastly argues—and the Government concedes—that the District Court

---

578 F.3d 221, 222 (3d Cir. 2009). In this case, Fudge's sentence is well within his Guidelines range and is not an upward departure.

11

committed plain error by imposing consecutive terms of supervised release.[5] We agree.

The District Court imposed a total term of supervised release of ten years, consisting of consecutive terms of three years on Fudge's conspiracy conviction, five years on his bank fraud convictions, and two years on his convictions for access device fraud. Such consecutive terms of supervised release are improper, as we have previously recognized that 18 U.S.C. § 3624(e) "mandates that multiple terms of supervise release run concurrently." *United States v. Dees*, 467 F.3d 847, 851 (3d Cir. 2006); *see also* 18 U.S.C. § 3624(e) (stating that a "term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any . . . term of . . . supervised release . . . for another offense to which the person is subject or becomes subject during the term of supervised release"); U.S.S.G. § 5G1.2, cmt. n. 2(C) (providing that, in the event an individual has served consecutive terms of imprisonment, "any term of supervised release imposed is to run concurrently with any other term of supervised release imposed").

In light of this error, Fudge requests that we remand the case to the District Court for a *de novo* resentencing. The Government, in contrast, suggests that we simply direct the District Court to modify the consecutive nature of its judgment so that the terms of supervised release previously imposed will instead run concurrently.

---

[5] The Government also concedes that this challenge falls outside the scope of the appellate waiver provision in Fudge's plea agreement because the total term of supervised release (ten years) exceeds the maximum term authorized by statute (five years). Appellee's Br. at 16.

Although not referenced by either party, 18 U.S.C. § 3742(f)(1) compels us to remand for further sentencing proceedings where, as here, we determine that the sentence was imposed in violation of law. *See* § 3742(f)(1) ("If the court of appeals determines that . . . the sentence imposed was in violation of the law or imposed as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate . . . ."). However, a *de novo* resentencing is not required as the proceedings on remand can be limited to cure the sentencing error identified on appeal. *See United States v. Kukafka*, 478 F.3d 531, 540 (3d Cir. 2007) (remanding the case for the "sole and limited purpose of correcting the sentence regarding Count I to reflect the applicable statutory provisions") (citing *United States v. Dixon*, 308 F.3d 229, 236 (3d Cir. 2002)). Accordingly, we will remand the case to the District Court for the limited purpose of correcting its sentence with respect to the imposition of consecutive terms of supervised release.

IV.

For the aforementioned reasons, we will vacate the consecutive terms of supervised release imposed by the District Court, affirm the sentence in all other respects, and remand for further proceedings consistent with this opinion.

13