NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-1456
_____

UNITED STATES OF AMERICA

v.

ROBERT WARD,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 3-08-cr-00236-001)
District Judge:  Honorable A. Richard Caputo

Submitted Under Third Circuit LAR 34.1(a)
October 25, 2016

BEFORE:  VANASKIE, KRAUSE, and NYGAARD, *Circuit Judges*

(Filed: November 21, 2016)

_____

OPINION[*]
_____

NYGAARD, *Circuit Judge.*

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Robert Ward appeals the District Court's sentence of six months in prison and three years of supervised release arising from his violation of the conditions of his supervised release. We will affirm.[1]

Ward contends that the District Court grounded its sentence in the mistaken conclusion that a condition of his supervised release specifically prohibited him from viewing adult pornography online. He points to the following comment made by the District Court during the sentencing hearing: "I know you like the pornography, right. But it's illegal, and you can't – you know, you've been adjudged by the Court not to do it. . . . And you failed to report accessing the internet on your monthly report forms to the probation office and the treatment provider." App. 62.[2]

The entirety of the hearing transcript makes it abundantly clear that the District Court understood Ward was charged with violating the terms of his supervised release by failing to get authorization for his use of unmonitored devices to access the internet, and by submitting monthly reports to his probation officer that did not disclose this conduct. Ward does not dispute that he accessed the internet on unmonitored devices, without obtaining prior written approval. He also admitted that he did not disclose this conduct in his reports to his probation officer. The District Court reviewed these admissions with

---

[1] Ward failed to preserve the issues he brings on appeal because he did not raise any objections to the District Court. Therefore, we review for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 259 (3d Cir. 2014).

[2] Ward adds that prohibiting his viewing of adult pornography online would violate his rights under the First Amendment of the United States Constitution. Because we conclude that Ward misinterpreted the District Court's words, and that any error by the District Court would have been harmless, we do not reach this issue.

him.  We conclude from all of this that Ward's interpretation of the District Court's words is mistaken.  In the context of the whole hearing it is evident that, in the quotations referenced by Ward, the District Court was referring to Ward's unreported, unauthorized and unmonitored use of the internet.  The District Court had a proper understanding of the legal and factual issues grounding the sentence it imposed.

However, even were we to find that the District Court erroneously said that Ward violated the conditions of his supervised release by viewing, specifically, adult pornography, our result would not be any different.  The record provides ample support for the District Court's order.  Additionally, the District Court's sentence of six month's imprisonment and three years of supervised release was, as it properly noted, well within the Guidelines range.  Therefore, even if the District Court had made the factual or legal misstatements Ward claims, he did not suffer any prejudice.

Ward has not carried his burden of demonstrating plain error.  Accordingly, we will affirm the order of the District Court.