OPINION
ROTH, Circuit Judge:
Jose Luis Flores-Mejia appeals the sentence imposed on him for his conviction of the offense of reentry after deportation. His appeal raises the issue of what a defendant must do in order to preserve a challenge to the procedural reasonableness of a sentence. At the sentencing hearing, Flores-Mejia made a mitigation argument, based on his cooperation with the government. Flores-Mejia contends that his initial presentation of this argument is sufficient, without more, to preserve his claim that the District Court committed procedural error by failing, when it pronounced sentence, to give meaningful consideration to this argument. The government counters that Flores-Mejia’s failure to object, at a time when the District Court could have promptly addressed it, did not preserve the issue for appeal and leaves his claim subject to plain error review.
We have decided that, to assist the district courts in sentencing, we will develop a new rule which is applicable in those situations in which a party has an objection based upon a procedural error in sentencing but, after that error has become evident, has not stated that objection on the *255 record. We now hold that in such a situation, when a party wishes to take an appeal based on a procedural error at sentencing — such as the court’s failure to meaningfully consider that party’s arguments or to explain one or more aspects of the sentence imposed — that party must object to the procedural error complained of after sentence is imposed in order to avoid plain error review on appeal.[1] Our panel holding in United States v. Sevilla, 541 F.3d 226 (3d Cir.2008),[2] differs from our holding today and is superseded.
I. FACTS
Flores-Mejia, a citizen of Mexico, pled guilty to one count of reentry after deportation, in violation of 8 U.S.C. § 1326(a). This illegal reentry was in fact Flores-Mejia’s sixth illegal entry into the United States. Flores-Mejia had an extensive criminal record with 18 prior convictions, including several for repeated assaults on his wife. As his attorney admitted at sentencing, “This man has an atrocious record.” JA103. Based on a criminal history category of VI and an offense level of 21, including a 16-level enhancement for a prior violent crime, his Guidelines range was 77 to 96 months in prison.
In his sentencing memorandum, Flores-Mejia raised several grounds for downward departures and variances. At issue here is his argument that he cooperated with the government by providing information regarding a homicide and a prostitution ring. At the sentencing hearing, the District Court heard argument on a number of Flores-Mejia’s grounds for mitigation and denied them. The parties then addressed Flores-Mejia’s argument that his cooperation warranted a reduced sentence. Both the government and defense counsel made proffers on the issue. The government argued that the homicide in question had already been solved and that the information about the prostitution ring did not involve involuntary sex trafficking or children and so it fell outside the ordinary purview of federal law enforcement. For those reasons, the government asserted that the cooperation did not warrant a variance. Following this colloquy, the District Court stated: “Okay, thanks. Anything else?” There was no reply from either party; instead each side summed up its position on sentencing. On completion of the summations, the District Court proceeded to sentence Flores-Mejia to 78 months in prison. Defense counsel did not at that time object to the court’s failure to rule on the request for variance based on the alleged cooperation, nor did she point out the District Court’s failure to explicitly address or give further consideration to that argument.
Flores-Mejia appealed, contending that his sentence is procedurally unreasonable because the District Court failed to sufficiently consider his argument that his attempts at cooperation warranted a lower sentence. Based on our decision in Sevilla, a divided panel of this Court agreed. United States v. Flores-Mejia, 531 F.App’x 222 (3d Cir.2013). We then granted en banc review.
II. PRESERVING A CLAIM OF PROCEDURAL ERROR FOR APPEAL
In United States v. Gunter, 462 F.3d 237, 247 (3d Cir.2006), we set forth a *256 three-step framework for sentencing. First, a district court must calculate a defendant’s Guidelines sentence as it would have before United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Gunter, 462 F.3d at 247. Second, a district court must “formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit’s pre-Booker case law, which continues to have advisory force.” Id. (citation, quotation marks and alterations omitted). Third, a district court “[is] required to exercise [its] discretion by considering the relevant § 3553(a) factors ... in setting the sentence [it imposes] regardless whether it varies from the sentence calculated under the Guidelines.” Id. (internal citation, quotation marks, and alterations omitted).
To satisfy step three, the district court must “acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis.” United States v. Begin, 696 F.3d 405, 411 (3d Cir.2012). Failure to give “meaningful consideration” to any such argument renders a sentence procedurally unreasonable which, when appealed, generally requires a remand for resen-tencing. Id. (internal citation omitted).
This error of failure to give meaningful consideration must be brought to the district court’s attention through an objection. If a defendant fails to preserve the error for appeal by objecting, the authority of the court of appeals to remedy the error is “strictly circumscribed.” Puckett v. United States, 556 U.S. 129, 134, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). However, Rule 52(b) of the Federal Rules of Criminal Procedure provides for limited relief: “A plain error that affects substantial rights may be considered even though it was not brought to the court’s attention.”
The issue in this appeal is whether, in order to preserve the objection for appeal and to avert plain error review, a defendant must object after the sentence is pronounced to the district court’s failure to meaningfully consider his argument.[3] In Sevilla, we held that “the District Court’s failure to address those issues [when sentence was pronounced] did not require Sevilla to re-raise them to avert plain error review of these omissions.” Sevilla, 541 F.3d at 231. However, for the reasons that follow, we now hold that a defendant must raise any procedural objection to his sentence at the time the procedural error is made, i.e., when sentence is imposed without the court having given meaningful review to the objection. Until sentence is imposed, the error has not been committed. At the time that sentence is imposed, if the objection is made, the court has the opportunity to rectify any error by giving meaningful review to the argument.
We are adopting this new rule for several reasons. First, we are dealing with a procedural objection to the sentencing process. We must appreciate the difference between a challenge to the substantive reasonableness of the sentence and a challenge to its procedural reasonableness. While a substantive objection to the sentence that a court will impose is noted when made and need not be repeated after sentencing, a procedural objection is to the form that the sentencing procedure has taken, e.g., a court’s failure to give mean *257 ingful review to a defendant’s substantive arguments. See United States v. Judge, 649 F.3d 453, 458 (6th Cir.2011). Unlike a substantive objection to a sentence, a procedural defect in a sentence may not occur until the sentence is pronounced, and, unless the objection is meaningfully dealt with earlier, no challenge to the sufficiency of the court’s explanation can be made until that time. Simply put, a defendant has no occasion to object to the district court’s inadequate explanation of the sentence until the district court has inadequately explained the sentence. Thus, the procedural objection can be raised for the first time only after the sentence is pronounced without adequate explanation.[4]
Second, we are satisfied that there are compelling reasons why objecting to procedural error after the sentence is pronounced would promote judicial efficiency. Objecting when sentence is pronounced permits the quick resolution of such errors. As the Supreme Court observed, “errors are a constant in the trial process,” and when a defendant contemporaneously objects, the district court “can often correct or avoid the mistake so that it cannot possibly affect the ultimate outcome.” Puckett, 556 U.S. at 134, 129 S.Ct. 1423 (citation and quotation marks omitted); see also United States v. Merced, 603 F.3d 203, 214 (3d Cir.2010) (“[T]he sentencing judge, not the court of appeals, is in a superior position to find facts and judge their import under § 3553(a) in the individual case.”) (internal quotation marks omitted) (quoting United States v. Tomko, 562 F.3d 558, 566 (3d Cir.2009) (en banc)). Contemporaneous objection also advances the public interest because “[requiring the error to be preserved by an objection creates incentives for the parties to help the district court meet its obligations to the public and the parties.” United States v. Villafuerte, 502 F.3d 204, 211 (2d Cir.2007). By encouraging defendants to make objections before the court which is best equipped to resolve the errors efficiently and effectively, we are promoting better sentencing practices.
Third, requiring that the procedural objection be made at the time of sentencing prevents “sandbagging” of the court by a defendant who remains silent about his objection to the explanation of the sentence, only to belatedly raise the error on appeal if the case does not conclude in his favor. See, e.g., Puckett, 556 U.S. at 134, 129 S.Ct. 1423.
Our new rule is consistent with the holdings of most other circuit courts of appeals that have ruled on the issue. The First, Fifth, Sixth, Eighth, Ninth, Tenth, and D.C. Circuit Courts of Appeals all require a defendant to object when sentence is pronounced if a district court makes the procedural error of failing to adequately explain a sentence. See, e.g., United States v. Davila-Gonzalez, 595 F.3d 42, 47 (1st Cir.2010); United States v. Mondragon-Santiago, 564 F.3d 357, 361 (5th Cir.2009); United States v. Vonner, 516 F.3d 382, 385-86 (6th Cir.2008) (en banc); United States v. Rice, 699 F.3d 1043, 1049 (8th Cir.2012); United States v. Rangel, 697 F.3d 795, 805 (9th Cir.2012); United States v. Romero, 491 F.3d 1173, 1177-78 (10th Cir.2007); United States v. Wilson, 605 F.3d 985, 1033-34 (D.C.Cir.2010).
*258 Only the Fourth Circuit Court of Appeals does not consistently require the challenge to be raised immediately following the imposition of the sentence by the district court. United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir.2010). The court in Lynn reasoned that Rule 51 “does ‘not require a litigant to complain about a judicial choice after it has been made.’ ” Id. at 578 (quoting United States v. Bartlett, 567 F.3d 901, 910 (7th Cir.2009)).[5] In reaching its decision, the court in Lynn warned that “[Requiring a party to lodge an explicit objection after the district court explanation would saddle busy district courts with the burden of sitting through an objection — probably formulaic — in every criminal case.” Lynn, 592 F.3d at 578 (internal quotation marks and citation omitted).
Under the rule we adopt, there will of course be an objection to a district court’s failure to- give meaningful consideration to a procedural error in sentencing but it is hardly a significant impediment to the efficient administration of justice. Sentencing is a complex process, and a district judge at sentencing must meet numerous requirements. An objection at sentencing, even if sometimes time-consuming, serves the important purpose of reminding the judge of these requirements and allowing the judge to immediately remedy omissions or clarify and supplement inadequate explanations. The rule adopted in Lynn and in Sevilla imposes a greater burden on busy district courts by depriving them of contemporaneous notice of errors and of the opportunity to correct them. The burden of sitting through an objection at sentencing pales in comparison to the time and resources required to correct errors through a lengthy appeal and resentenc-ing.[6] Our strong interest in judicial economy, heightened in these times of fiscal restraint and judicial budgetary concerns, weighs heavily in favor of a rule under which the defendant must contemporaneously object to concerns regarding the procedural reasonableness of a sentence.
For these reasons, we hold that, in a criminal prosecution, unless a relevant objection has been made earlier, a party must object to a procedural error after the sentence is pronounced in order to preserve the error and avoid plain error review.[7],[8]
*259 III. THE MERITS OF THE APPEAL
We have determined that, in order to preserve for appeal the issue of the lack of meaningful consideration of his argument on mitigation, Flores-Mejia should have objected after sentence was pronounced. He did not, and thus, under the rule we now adopt, he did not preserve the issue for appeal. An unpreserved issue is reviewed for plain error. An error is plain if it is “clear” or “obvious,” “affects substantial rights,” and “affects the fairness, integrity or public reputation of judicial proceedings.” United States v. Dragon, 471 F.3d 501, 505 (3d Cir.2006) (quoting United States v. Olano, 507 U.S. 725, 732, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). An error “affects substantial rights” when it is prejudicial, that is, when it “affected the outcome of the District Court proceedings.” Id. (quoting Olano, 507 U.S. at 734, 113 S.Ct. 1770); see also United States v. Marcus, 560 U.S. 258, 262, 130 S.Ct. 2159, 176 L.Ed.2d 1012 (2010).
Because defendants sentenced before the issuance of this opinion had not been warned that they had a duty to object to the sentencing court’s procedural error after sentencing, we will not apply this new rule retroactively and will, instead, review for abuse of discretion. Applying that standard, we have held that a district court abuses its discretion when it fails to give “meaningful consideration” to an argument advanced by the defendant.
Although it’s a close issue, we conclude that the Court’s question (“Ok, thanks. Anything else?”) is not on this record sufficient to reflect that meaningful consideration was given to Flores-Mejia’s cooperation argument. The circumstances here are very near those we faced in Sevil-la, in which we held that the District Court’s general statement that it had “considered all the § 3553(a) factors” was not enough to show meaningful consideration of a specific argument. While the question put by the District Court here, in the context of the colloquy as a whole, might be read to reflect that the court had heard and considered the specific argument about cooperation, there was no specific ruling provided by the court or any other effort to address the argument.
IV. CONCLUSION
For the foregoing reasons, we will vacate the sentence and remand to the District Court for resentencing.

. A party may of course make an objection to a procedural error at an earlier point as when, for example, a substantive request is denied and procedurally the defendant has objected to a lack of meaningful consideration of that request. Having already made an objection when the procedural error became evident, the defendant need not repeat the objection after sentence is imposed.

. In so holding, the panel in Sevilla considered itself bound by our prior en banc decision in United States v. Grier, 475 F.3d 556 (2007) (en banc).

. Of course, as we set out above, if at any prior point a district court had ruled on the request for a variance, the defendant could object to a lack of meaningful consideration of the request at that time and there would be no need to do so again after sentence was imposed.

. For this reason, the rule we adopt is consistent with Federal Rule of Criminal Procedure 51(b), i.e., "A party may preserve a claim of error [not giving meaningful consideration to the defendant's argument] by informing the court — when the court ruling or order is made or sought [at imposition of sentence]— of the action the party wishes the court to take [to give meaningful review to defendant's argument in connection with sentencing], or the party’s objection to the court’s action [failure to give meaningful review to that argument] and the grounds for that objection [failure to give meaningful review to that argument].”

. See footnote 4, supra, for our position that the rule we adopt does not violate Rule 51(b). Note also, that although the Seventh Circuit Court of Appeals in some instances has not required an objection to a procedural error at the time sentence was imposed, see, e.g., United States v. Cunningham, 429 F.3d 673 (7th Cir.2005), it has not always done so. See, e.g., United States v. Anderson, 604 F.3d 997, 1003 (7th Cir.2010).

. Resentencing imposes a significant burden on district courts: not only do they have to find time in their busy dockets to revisit errors that could have been resolved with a contemporaneous objection at the original sentencing but they also have the burden of reconvening the parties involved, including the defendant, attorneys, witnesses, and law enforcement authorities. See, e.g., United States v. Williams, 399 F.3d 450, 459 (2d Cir.2005) (warning of the burdens of resen-tencing, including assuring the presence of the defendant, who "will often be serving a sentence at a distant location”).

. Because defendants sentenced before the issuance of this opinion had not been warned that they had a duty to object to the sentencing court’s procedural error after sentencing, we will not apply this new rule retroactively.

. To ensure that timely objections are made, we encourage district courts at sentencing to inquire of counsel whether there are any objections to procedural matters. However, unlike the Sixth and Eleventh Circuit Courts of Appeals, we will not make this a requirement that district judges must follow. Contra United States v. Bostic, 371 F.3d 865, 872 (6th Cir.2004); United States v. Jones, 899 F.2d 1097, 1103 (11th Cir.1990). We believe that the burden of objecting to errors remains with the parties.