NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2347
_____

UNITED STATES OF AMERICA

v.

RAHIEM J. BROOKS,
                    Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. 14-cr-00334-1)
District Judge: Honorable Gerald A. McHugh
_____

Submitted under Third Circuit L.A.R.
March 24, 2016
_____

Before: GREENAWAY, JR., VANASKIE, SHWARTZ, *Circuit Judges*

(Opinion Filed: April 19, 2016)
_____

OPINION*
_____

GREENAWAY, JR., *Circuit Judge*:

    This appeal presents the question of whether the District Court committed

_____

    *This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

procedural error during sentencing by failing to acknowledge and respond to one of Defendant-Appellant Raheim J. Brooks's arguments in support of a lower sentence. Because the District Court's sentencing statement was sufficient to meet plain-error review, we will affirm.

## I. Background

Brooks was indicted on, and eventually pled guilty to, seven counts of access device fraud and aiding and abetting in violation of 18 U.S.C. §§ 1029(a)(2), (b)(1) and 2. In 2013, the Amtrak Police Department received information that numerous train tickets were being purchased with stolen credit card information. Investigators eventually traced these purchases to Brooks. In addition to the train ticket purchases, Brooks used the credit cards to obtain other goods and services. Brooks pleaded guilty to all counts charged in the indictment in open court.

Following Brooks's guilty plea, the Presentence Investigation Report ("PSR"), which used the 2014 version of the United States Sentencing Guidelines ("Guidelines"), set Brooks's total offense level at 13 and classified his criminal history at VI. Accordingly, the Guidelines sentence for Brooks's conviction included 33 to 41 months' imprisonment.

In a sentencing memorandum, Brooks presented mitigating arguments in support of a downward variance. The memorandum emphasized Brooks's abusive upbringing and his efforts to rehabilitate. Brooks argued that a below-Guidelines range sentence was appropriate under 18 U.S.C. § 3553(a), and that a within-Guidelines range sentence

would be "excessive and unwarranted to achieve the statutory objective." J.A. 34.

During sentencing, Brooks reiterated his arguments for a downward variance based on his upbringing.

The District Court sentenced Brooks to a within-Guidelines sentence range of 38 months' imprisonment followed by a three-year term of supervised release for all counts, and $43,036.67 in restitution. Before announcing the sentence, the Court noted the nature of the crime, Brooks's criminal history, and the need to promote deterrence. The Court's statements did not include any reference to Brooks's upbringing. After announcing the sentence, the District Court asked: "Counsel, is there anything else that requires attention?" J.A. 82. Brooks's counsel replied, "No, Your Honor." J.A. 82.

Brooks timely appealed. He argues that the District Court committed procedural error by failing to meaningfully consider his personal characteristics, specifically his upbringing, which he believes supported a downward variance.

## II. Standard of Review[1]

Brooks did not preserve the instant issue for appeal, and thus we review for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (en banc). An error is plain if it, inter alia, "affected the outcome of the District Court proceedings." *Id.* at 259 (internal citations and quotations omitted).

## III. Analysis

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We will affirm as Brooks does not show that the error of which he complains affected the outcome of the proceedings. During the sentencing colloquy, the District Court explained that the nature and circumstances of the offense supported a within-Guidelines range sentence, stating that the crime displayed a "level of self-indulgence," noting that the instant offense reflected Brooks's "repeated violations of the law," and stressing the "troubling" nature of Brooks's criminal history. J.A. 79–80. It went on to observe that "the Probation Department pointed out that indeed one might even raise [the sentence] higher than it is." J.A. 80. The Court also expressed its "concern[] about the fact that the crimes repeat." J.A. 80. Taking these factors into consideration, the Court told Brooks: "a guideline sentence is warranted and, candidly, sir, toward the higher range of the guidelines." J.A. 80.

Thus, the Court's sentencing statements evinced its belief that the nature and circumstances of the offense and the extent of Brooks's criminal history strongly militated against a lower sentence. Given these statements, we cannot conclude that the District Court would have imposed a different sentence if it had specifically addressed Brooks's arguments about his upbringing.[2]

## IV. Conclusion

---

[2] Brooks argues that there is a reasonable probability that the court would have imposed a lower sentence, because the instant conviction was not "egregious," and his abusive childhood was "unquestionably mitigating." Reply Br. 7–8. The record suggests, however, that the District Court had great concerns regarding the seriousness of the conviction, especially in the context of Brooks's criminal history. Thus, given the District Court's statements in support of the sentence it imposed, we cannot conclude that

4

For the foregoing reasons, we will affirm the judgment of conviction.

---

there is a reasonable probability that the Court would have imposed a lower sentence.