NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1154
_____

UNITED STATES OF AMERICA

v.

TERRENCE WRIGHT,
                                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-05-cr-00035-001)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 20, 2016

Before: McKEE, *Chief Judge*, HARDIMAN, and RENDELL, *Circuit Judges*.

(Filed:  September 30, 2016)

_____

OPINION*
_____


HARDIMAN, *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Terrence Wright appeals the District Court's judgment of sentence imposed after he violated the terms of his supervised release. We will affirm.

I

Wright was convicted on state drug charges, which constituted a Grade A violation of the terms of his supervised release. Based on a criminal history category of VI, Wright's revocation sentencing range under the United States Sentencing Guidelines (USSG) would have been 33 to 41 months, but for the operation of the 24-month statutory maximum established by 18 U.S.C. § 3583(e)(3). Wright pleaded guilty at the sentencing hearing and the District Court sentenced him to 24 months in prison.[1]

II

On appeal, Wright claims his sentence was procedurally and/or substantively unreasonable, largely because of four statements made by the District Court. Specifically, Wright objects to the District Court's: (1) alleged mischaracterization of the basis of the sentencing departure given for his underlying conviction under 21 U.S.C. § 841; (2) reference to the effect of the statutory maximum under § 3583(e)(3) as a "huge break" from the Guidelines, even though the range was 24 months; (3) emphasis on the rehabilitative aspects of Wright's incarceration; and (4) consideration of the sentencing factors under 18 U.S.C. § 3553.

---

[1] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Because Wright lodged no objection in the District Court, we review the sentencing for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 258 (3d Cir. 2014). "An error is plain if it is clear or obvious, affects substantial rights, and affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 259 (internal quotation marks omitted) (quoting *United States v. Olano*, 507 U.S. 725, 732, 734 (1993)).

Wright's first objection, regarding mischaracterization of the basis for a prior sentencing departure, fails to explain how the mischaracterization impacted the sentence. Rather, Wright concedes that a district court may "upwardly depart in a revocation of supervised release sentencing where the original sentence was the result of a downward departure for substantial assistance," and notes that "substantial cooperation" informed the prior departure. Wright Br. 14–16. Wright's second objection is semantic, which by its nature did not affect Wright's substantial rights.[2] With respect to Wright's third objection, regarding the need for rehabilitation, the District Court did not run afoul of the Supreme Court's decision in *Tapia v. United States*, 564 U.S. 319 (2011). As noted in that case: "A court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs. To the contrary, a

---

[2] Wright cites the Dispositional Report as stating that the Guidelines range was 24 months, and contrasts this with the District Court's statement that the range would have been higher but for the statutory maximum of 24 months. However, the Dispositional Report, like the District Court, notes that the Guidelines range would have been "33 to 41 months" if not for the statutory maximum setting the Guidelines range to 24 months. Dispositional Report at 1.

court properly may address a person who is about to begin a prison term about these important matters." *Id*. at 334. With respect to Wright's fourth objection, regarding the need for punishment, "a district court does not commit procedural error in taking into account those factors [including the seriousness of the underlying violation] when imposing a sentence for the violation of supervised release." *United States v. Young*, 634 F.3d 233, 238–39 (3d Cir. 2011).

\*    \*    \*

In sum, our review of the record leads us to conclude that the District Court did not err at sentencing in any respect, much less commit the plain error required for us to reverse under *Flores-Mejia*. Accordingly, we will affirm the judgment of the District Court.