NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 18-1633

———————————

UNITED STATES OF AMERICA

v.

RAFI SMITH,

Appellant

———————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-04-cr-00141-002)
District Judge: Honorable Harvey Bartle, III

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
April 15, 2019

Before: AMBRO, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed  April 19, 2019)

———————————

OPINION[*]

———————————

AMBRO, Circuit Judge

    While on supervised release for a drug-related conviction in the District Court,

Rafi Smith raped his sixteen-year-old daughter.  He pled guilty to one count of rape in the

———————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pennsylvania Court of Common Pleas, which carried a sentence of five to twelve years' imprisonment. The same conduct also violated the terms of his supervised release in the District Court, which prompted the Court to convene a revocation hearing. The Court imposed the maximum prison sentence available of five years that was to run consecutively with Smith's state sentence. Smith appeals, claiming the District Court committed procedural error by imposing the sentence without regard to the relevant sentencing factors under 18 U.S.C. § 3553(a), which applied to his revocation sentencing through 18 U.S.C. § 3583(e). Because Smith did not preserve any objections to his sentence at sentencing, we review the sentencing procedure for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 259 (3d Cir. 2014) (*en banc*).[1]

To establish plain error, Smith must show (1) the Court erred, (2) the error was obvious, (3) it affected substantial rights, and (4) it affected the fairness, integrity, or public reputation of the judicial proceedings. *Johnson v. United States*, 520 U.S. 461, 467 (1997); *United States v. Olano*, 507 U.S. 725, 732 (1993). A required component of procedural error is error, but Smith does not point to any specific factors the Court supposedly ignored. Instead, the record makes clear that Judge Bartle considered the relevant factors and determined that Smith should receive the maximum sentence possible in connection with the revocation of his supervised release. (App. 5–7, 10, 14, 22, 25, 26.) Judge Bartle considered the applicable Sentencing Guideline range, the heinous nature of the offense, the sentence appropriate to deter similar violations of supervised release, and the need to protect the public (and especially Smith's daughter)

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and 18 U.S.C. § 3583. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

from additional crimes he could commit. (App. 22, 25, 26.) The Judge also considered Smith's mitigating history and expression of remorse. (App. 25.) Smith contends Judge Bartle "declined to consider any of these [relevant] factors at all" (Appellant's Br. at 10), but the record clearly shows otherwise. Indeed, he does not identify any evidence or consideration the Judge failed to weigh in fashioning the sentence.

In short, we conclude the Court reasonably considered the relevant factors and reached a reasonable sentence based on them. We thus affirm.