**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

18-3548

_____

UNITED STATES OF AMERICA

v.

TERRY VAN MEAD,
                            Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. 1-17-cr-00182-001)
Honorable Sylvia H. Rambo, U.S. District Judge

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 9, 2019

Before: SHWARTZ, KRAUSE, and FUENTES, *Circuit Judges*

(Opinion filed: July 17, 2019)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Terry Van Mead appeals his eight-month sentence for violating the conditions of his supervised release, arguing that the District Court procedurally erred by treating the Sentencing Guidelines as mandatory. Because the District Court understood and appropriately exercised its discretion, we will affirm.

## I.     Background

In 2018, Mead was convicted of escape from a halfway house, and the District Court sentenced him to eight months' imprisonment and three years of supervised release, which was below the applicable Sentencing Guidelines range.[1] After his release from prison, Mead was again placed in a halfway house for supervised release. Within just ten days, however, he violated the conditions of his release by failing to notify the probation officer of his contact with police, failing to report to his probation officer, and abandoning the halfway house without authorization.

At sentencing, Mead admitted to the violations but explained that he left the halfway house because he needed to support his family, was uncomfortable with his housemates' drinking and drug use, and had been unable to secure employment. The Probation Office determined that Mead's conduct and criminal history yielded a Guidelines sentencing range of eight to fourteen months, and Mead did not object to this calculation. The District Court again sentenced Mead to eight-months' imprisonment and

---

[1] Mead was originally convicted in the District of Vermont in 2015 of violating the Sex Offender Registration and Notification Act and possessing stolen firearms. In 2016, Mead's case was accepted for courtesy supervision in the Middle District of Pennsylvania.

three years' supervised release, stating, "The Court has determined that a sentence within the [G]uideline[s] range is appropriate in order to provide adequate punishment and deterrence." App. 44. The Court explained its sentencing decision as follows:

> Now the Court has listened to your plea, but you have to realize supervision is part really of your sentence. And within 10 days of supervision, you violated your terms. I can appreciate your concern, but your first concern was abiding by those conditions. . . . [The probation officer] advised me that they did assist you with location of employment, and . . . they would have provided you with the funds to travel to those places of employment. You never advised them of the conditions that you were living in under this house . . . . I don't know what more the probation could have done.

App. 45–46. It then said, "I have given you the minimum that I can give you for violation of two courts' supervised release." App. 46.

## II.    Discussion[2]

Based solely on this last sentence of the District Court's explanation, Mead now argues that the Court procedurally erred by failing to "appreciate" or "fully exercise[] its discretion to consider and impose a sentence below the [Guidelines] range." Appellant's Br. 7. Because Mead did not object after his sentence was imposed, we review for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014). Under plain-error review, we will "grant relief only if we conclude that (1) there was an error, (2) the error was 'clear or obvious,' and (3) the error 'affected the appellant's substantial rights.'" *United States v. Stinson*, 734 F.3d 180, 184 (3d Cir. 2013) (quoting *Puckett v.*

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

*United States*, 556 U.S. 129, 135 (2009)). If all three prongs are satisfied, we may exercise our discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (quoting *Puckett*, 556 U.S. at 135) (alterations omitted). On this record, we find no error, much less plain error.[3]

As reflected in his equivocal phrasing, Mead in fact appears to be making two arguments: (1) that the District Court believed the Guidelines were mandatory; and (2) that, even if it was aware of its discretion, the Court failed to appropriately exercise that discretion by not considering lower sentences.

As for his first argument, Mead is correct that "treating the Guidelines as mandatory" would constitute a "significant procedural error," meriting resentencing. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (quoting *United States v. Gall*, 552 U.S. 38, 51 (2007)). But the District Court did not treat the Guidelines as mandatory. In fact, both parties and the Court referred to the District Court's discretion to depart from the applicable Guidelines range throughout the sentencing hearing. For example, the Government reminded the Court that it had "varied below the [G]uidelines" for Mead before, and Mead's counsel unambiguously stated, "Your Honor, we would just note that obviously the revocation [G]uidelines are advisory and not actually dictated." App. 44. And, before pronouncing the sentence, the Court noted "that

---

[3] Mead's argument is cabined to a procedural challenge. To the extent it could even conceivably be construed to challenge the sentence's substantive reasonableness, it also fails. Indeed, we cannot say that "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

a sentence within the [G]uideline[s] range is appropriate," implicitly acknowledging the possibility of sentencing outside of the range. App. 44. Thus, it is unlikely that the District Court did not appreciate that it had discretion.

In context, then, the sentencing judge's statement, "I have given you the minimum that I can give you," does not suggest that the Court viewed the Guidelines as mandatory, but, rather, that eight months was the minimum sentence it felt Mead's conduct and the circumstances merited. App. 46. Indeed, the District Court acknowledged Mead's arguments and request for leniency but ultimately gave more weight to the need for punishment and deterrence. And, as the Court explained, it had good reason for doing so: Mead violated not one, but two courts' release conditions; the violations included multiple failures to report; Mead breached the conditions of his release within ten days of leaving prison; and Mead's explanations for his unauthorized departure from the halfway house were not entirely credible.

Given the Court's explanation for its sentencing decision, Mead's second argument that the Court failed to "fully exercise" its sentencing discretion is entirely unfounded. Appellant's Br. 7. That Mead's sentence fell within the Guidelines range does not suggest a failure to exercise discretion—it simply suggests that the discretion did not yield Mead's desired results. In any event, we are confident that the District Judge here, who has decades of experience in sentencing and who granted this very defendant a sentence below the Guidelines range the last time he was before her, well understood her discretion and exercised it in a reasonable manner.

5

## III.     Conclusion

For the foregoing reasons, we will affirm the sentence imposed by the District Court.