**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 21-3156

UNITED STATES OF AMERICA

v.

IGOR FLEYSHMAKHER,
                                        Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-20-cr-00193-001)
District Judge: Hon. Michael A. Shipp

Submitted Under Third Circuit L.A.R. 34.1(a)
July 14, 2022

Before: GREENAWAY, JR., MATEY, and NYGAARD, *Circuit Judges*.

(Filed: July 21, 2022)

OPINION*

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

**MATEY**, *Circuit Judge*.

A guilty plea led Igor Fleyshmakher to receive a 41-month custodial sentence. Fleyshmakher now appeals but, finding no error, we will affirm.

## I.

Fleyshmakher pleaded guilty to individual income tax evasion in violation of 26 U.S.C. § 7201 and conspiracy to violate the federal Anti-Kickback Statute in violation of 42 U.S.C. § 1320a-7b(b)(2) and 18 U.S.C. § 371. His plea agreement acknowledged willfully filing false tax returns causing a loss of $5,819,237, an amount he agreed to pay in restitution. By sentencing, Fleyshmakher had paid the full amount. A point he highlighted in his sentencing memorandum, arguing for a sentence below the advisory Guidelines range.

At sentencing, the District Court properly calculated Fleyshmakher's total offense level as 23, yielding a Guidelines range of 46 to 57 months' imprisonment. Defense counsel noted that Fleyshmakher had "repa[id] restitution in full prior to sentencing," and requested a term of probation and home confinement. (App. at 151–53.)

The District Court granted a three-level downward variance based on Fleyshmakher's "substantial history of charitable works," his "character," and his "many selfless good deeds." (App. at 163, 161.) It then imposed a sentence of 41 months' incarceration, three years' supervised release, and a fine. In accordance with the plea agreement, the District Court also ordered a schedule for the restitution payment of $5,819,237. The District Court did not explicitly mention that Fleyshmakher had prepaid the restitution amount, prompting his counsel to repeat that "the amount . . . has already

2

been paid." (App. at 166.) The Court replied, "I understand," and Fleyshmakher's counsel offered no additional argument. (App. at 166.) Fleyshmakher appeals.[1]

## II.

A sentencing court follows a three-step process. *See United States v. Wise*, 515 F.3d 207, 216–17 (3d Cir. 2008). First, it "must . . . correctly calculat[e] the applicable Guidelines range." *Id.* at 216 (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)). Second, it must "formally rule on the motions of both parties and state on the record whether it is granting a departure and how that departure affects the Guidelines calculation." *Id.* (cleaned up). And third, "the court must exercise its discretion by considering all of the § 3553(a) factors and determining the appropriate sentence." *Id.* (citations omitted). On appeal, "our role is two-fold." *Id.* at 217. First, we examine whether there was a "significant procedural error." *Id.* Second, if there was no significant procedural error, we "review the substantive reasonableness of the sentence." *Id.* at 218.[2]

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

[2] We typically review both questions for an abuse of discretion. *Wise*, 515 F.3d at 217–18. But to preserve his argument for appeal, Fleyshmakher had to object at the time of sentencing. *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). His counsel, though, only asked for "the record to reflect that" the restitution was already paid. (App. at 166.) This was not phrased as an objection and did not suggest that Fleyshmakher believed the sentence was flawed. Because there was no contemporaneous objection, we review for plain error. *Flores-Mejia*, 759 F.3d at 258; *see also* Fed. R. Crim. P. 52(b). And even if we reviewed for an abuse, we would still find no error.

Fleyshmakher argues that the District Court erred in failing to address the restitution prepayment.[3] But the District Court appropriately responded to each of Fleyshmakher's arguments.

## A. Procedural Error

First, the failure to discuss Fleyshmakher's prepayment did not constitute procedural error. Procedural error exists when a district court fails to calculate (or improperly calculates) the Guidelines range, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence. *Gall*, 552 U.S. at 51. Here, the parties agreed to the Guidelines range. The District Court acknowledged that the range was "advisory," not mandatory. (App. at 156.) And it thoroughly discussed the § 3553(a) factors.

Searching for error, Fleyshmakher argues the District Court was "oblivious" to the prepayment. (Opening Br. at 11.) But the record does not agree. At sentencing, defense counsel pointed out, and then reiterated, that the restitution was already "repa[id] . . . in full." (App. at 151, 166.) The District Court responded, "I understand." (App. at 166.) The District Court did not rely on "clearly erroneous facts" in sentencing, and there was no plain error.[4]

---

[3] Though Fleyshmakher only asserts "procedural error," (Opening Br. at 13), his arguments also implicate substantive reasonableness. So we review both questions.

[4] Fleyshmakher argues that the District Court would not have imposed a payment schedule if it was aware of the prepayment. But "[w]here there has been an award of full restitution, [18 U.S.C.] § 3664(f)(2) requires the sentencing court to 'specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid.'" *United States v. Lessner*, 498 F.3d 185, 201 (3d Cir. 2007).

**B.      Substantive Reasonableness**

Second, the District Court's failure to discuss the prepayment was not substantively unreasonable. "The touchstone of reasonableness is whether the record as a whole reflects rational and meaningful consideration of the [§ 3553(a)] factors." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (cleaned up). The District Court is not required "to discuss and make findings as to each of the § 3553(a) factors." *Id.* (citation omitted). Instead, it must only "acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis." *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007).

The District Court did just that. Fleyshmakher referenced the prepayment as evidence supporting his arguments for a variance. An argument credited by the District Court which, despite the "seriousness of the offense," (App. at 159), granted a three-level variance, showing "an individualized assessment based on the facts presented." *Gall*, 552 U.S. at 50.

If Fleyshmakher argues that the prepayment required a greater downward variance, we disagree. The three-level variance was a reasonable application of the § 3553(a) factors. And Fleyshmakher offers no authority suggesting the District Court needed to vary further downward. *See* U.S.S.G. § 3E1.1 (permitting up to a three-level variance for acceptance of responsibility).

**III.**

The District Court committed no error, plain or otherwise, and the sentence was substantively reasonable. So we will affirm.

5