**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3195
_____

UNITED STATES OF AMERICA

v.

LE'VAR BROWN,
Appellant

_____

On Appeal from the United States District Court
For the Western District of Pennsylvania
(D.C. No. 2-21-cr-00457-001)
District Judge: Honorable Christy Criswell Wiegand
_____

Submitted Under Third Circuit LAR 34.1(a)
October 26, 2023

Before: HARDIMAN, FREEMAN, and MONTGOMERY-REEVES, *Circuit Judges*.

(Filed: October 30, 2023)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Le'Var Brown appeals his judgment of sentence, claiming the District Court committed procedural error at his sentencing hearing. We will affirm.

I

Brown pleaded guilty to two counts of violating 18 U.S.C. § 922(g)(1). The Probation Office's Presentence Investigation Report (PSR) calculated Brown's Sentencing Guidelines range as 57 to 71 months' imprisonment. Brown did not object to the PSR's calculations, which the District Court adopted.

Brown requested a downward variance of 22 months. The Government countered by requesting a sentence within the Guidelines range. In doing so, the Government noted that because Brown's sentence could be reduced by good-time credits, a sentence within the Guidelines range would be reasonable "in light of what [Brown] did [and] in light of his criminal record as well." App. 140. Counsel for the Government also argued:

> I think it is important to point out, it may not be the most important thing, but if Mr. Brown receives, let's say, a 57-month sentence in this case, the amount of time he actually would serve on that sentence in light of all of the different reductions in [the] Bureau of Prison's credits and after the First Step Act, I don't know how much time he would actually serve, but there's a very good chance it is not actually going to be 57 months and that's the case for most cases now.
>
> I think that does provide some context for guideline sentencing anymore is that a guideline range sentence after the First Step Act is likely not to be as long of a sentence as it used to be and I think that should be accounted for.

App. 140–41.

After hearing from both sides, the District Court sentenced Brown to 57 months' imprisonment—the bottom of the Guidelines range. Brown failed to raise any procedural objection to the sentence after it was pronounced. Brown filed this timely appeal.

II

"[W]hen a party wishes to take an appeal based on a procedural error at sentencing[,] . . . that party must object to the procedural error complained of after sentence is imposed in order to avoid plain error review on appeal." *United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (en banc). Because Brown did not comply with our instruction in *Flores-Mejia*, we review his appeal only for plain error.[1]

Brown's appellate brief neither cites *Flores-Mejia* nor adverts to the plain error standard of review. Instead, Brown argues that it is improper for a district court to increase a sentence in view of the possibility that the defendant may earn good-time credits. Brown maintains that this thwarts Congress's objective of providing a reward—in the form of a shortened sentence—for good behavior.

This argument is unpersuasive for several reasons. For starters, as Brown concedes, the record does not show that the District Court relied on the Government's argument about good-time credits. Second, even had the Court relied on that argument, it's far from clear that it would have been error. *See, e.g.*, *Weaver v. Graham*, 450 U.S. 24, 32 (1981) ("[A] prisoner's eligibility for reduced imprisonment is a significant factor

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

entering into . . . the judge's calculation of the sentence to be imposed."); *see also Sash v. Zenk*, 439 F.3d 61, 67–68 (2d Cir. 2006) (sentencing court's consideration of good-time credit is "routine[]"); *United States v. Fowler*, 948 F.3d 663, 669 (4th Cir. 2020) (court's consideration of good-time credits was a valid application of its discretion under 18 U.S.C. § 3553(a)). Finally, we have found no precedent to support the proposition that any error would have been plain—much less that it would have affected Brown's substantial rights or impugned "the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

\*     \*     \*

For the reasons we have identified, Brown's appeal fails. We will therefore affirm the District Court's judgment of sentence.