**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2377
_____

UNITED STATES OF AMERICA,

v.

JAVIER DEJESUS RAMOS-SANCHEZ,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:23-cr-00314-001)
District Judge: Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 30, 2025
_____

Before: SHWARTZ, MATEY, and SCIRICA, *Circuit Judges*

(Filed: October 6, 2025)
_____

OPINION[*]
_____

---

[*]This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Javier DeJesus Ramos-Sanchez pleaded guilty to possessing a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c) and possessing controlled substances with intent to distribute in violation of 21 U.S.C. § 841. Under Section 924(c), the District Court was required to sentence Ramos-Sanchez to at least 60 months' imprisonment for his firearm offense to run consecutive to any sentence imposed for his drug offense. The Guidelines range for Ramos-Sanchez's drug conviction was 18 to 24 months' imprisonment.[1] Making the combined Guidelines range for both offenses 78 to 84 months.

Ramos-Sanchez asked the District Court to vary downward and impose a combined sentence of 61 months. The District Court considered his request but concluded that Ramos-Sanchez's drug trafficking deserved "more than a single-month's punishment," especially because he "disrespected the entire process by continuing to engage in criminal conduct" while on house arrest. App. 87. Even so, the court varied downward by six months to impose a combined sentence of 72 months' imprisonment: the mandatory minimum of 60 months for the Section 924(c) count, and a downward variance to 12 months for the drug count.[2]

---

[1] Without Ramos-Sanchez's accompanying Section 924(c) conviction, this Guidelines range would have been higher: 24 to 30 months.

[2] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under both 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

We see no error.[3] A sentence is procedurally reasonable so long as "the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). "[A]bsent any significant procedural error," a sentence is substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). And when a sentence is within or below the applicable Guidelines range, we may presume that it is substantively reasonable. *See United States v. Pawlowski*, 27 F.4th 897, 912 (3d Cir. 2022).

Here, the District Court expressly considered whether "bottoming out" Ramos-Sanchez's sentence at his Section 924(c) mandatory minimum was consistent with the Section 3553(a) factors. App. 84–85. The court's balancing simply differed from Ramos-Sanchez's, leading it to conclude that a 61-month sentence was not "appropriate here."

---

[3] To the extent that Ramos-Sanchez did not raise these alleged procedural errors after the District Court imposed his sentence, we review for plain error. *See United States v. Flores-Mejia*, 759 F.3d 253, 258 (3d Cir. 2024) (en banc). Yet even if Ramos-Sanchez had preserved his arguments, we would still affirm since the District Court committed no procedural error and acted within its discretion in its sentencing decisions. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

App. 87.[4] And we must "give due deference to the district court's decision that the § 3553(a) factors, on a whole," justify that result. *See Gall*, 552 U.S. at 51.[5]

Nor did the District Court misapply *Dean v. United States*, which interpreted Sections 924 and 3553(a) to "*permit* a court imposing a sentence on one count of conviction to consider sentences imposed on other counts." 581 U.S. 62, 67 (2017) (emphasis added). That does not require consideration but, in any event, the District Court considered Section 924(c)'s mandatory minimum when fashioning the sentence.

Finally, to the extent Ramos-Sanchez faults the District Court for applying the Guidelines despite his policy objections, the court considered his arguments and acted well within its discretion to reject them and apply the Guidelines as written.

\* \* \*

The District Court committed no procedural error, making Ramos-Sanchez's 72-month sentence—a six-month downward variance from the Guidelines range—presumptively reasonable.[6] Accordingly, we will affirm the District Court's judgment.

---

[4] In particular, the court emphasized that Ramos-Sanchez had been "continuing to engage in criminal conduct, while he[ was] on home arrest," App. 87, indicating that a sentence higher than the one he requested was needed to reflect the "serious nature" of his criminal conduct, App. 85.

[5] Given the court's independent application of the § 3553(a) factors, we are also unpersuaded by Ramos-Sanchez's argument that the court erred by signaling its agreement with the prosecutor's rationale for granting only a partial downward variance on his drug-trafficking sentence.

[6] To the extent that Ramos-Sanchez argues that his sentence was substantively unreasonable, that argument also fails. Considering "the totality of the circumstances," the sentence imposed was not one that "no reasonable sentencing court would have imposed . . . for the reasons the district court provided." *Tomko*, 562 F.3d at 567–68.