NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1430
_____

UNITED STATES OF AMERICA

v.

PAUL RODRIGUEZ,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 3-14-cr-00305-007
Trial Judge: The Honorable Malachy E. Mannion

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 22, 2018

Before: SMITH, Chief Judge, HARDIMAN and BIBAS, Circuit Judges

(Filed: March 26, 2018)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, Chief Judge

After Paul Rodriguez pled guilty to one count of distribution and possession with intent to distribute cocaine, the District Court sentenced him to a term of 108 months' imprisonment. Rodriguez appeals, claiming the District Court imposed a procedurally and substantively unreasonable sentence by speculating about uncharged criminal conduct, improperly weighing the sentencing factors, and declining to recommend drug treatment. Because the District Court did not commit plain error, we will affirm.

I.

Rodriguez was arrested in November 2014 for his involvement in a large-scale cocaine and heroin trafficking organization operating out of Wilkes-Barre, Pennsylvania. A grand jury charged him with one count of distributing and possessing with intent to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. § 846, and one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

In October 2016, Rodriguez signed a written plea agreement with the Government, in which he offered to plead guilty to the drug distribution and possession with intent charge in exchange for the Government's promise to both reduce the amount of cocaine involved in the drug charge to more than 500 grams and to dismiss the firearm charge. The District Court conducted a change of plea hearing and accepted Rodriguez's guilty plea. With an enhancement for possessing a firearm and downward adjustments for a lack of criminal history and for accepting responsibility, the applicable guidelines

sentencing range for the charge to which Rodriguez pled guilty was 108 to 135 months' imprisonment.

The District Court imposed a sentence of 108 months' imprisonment. This timely appeal followed.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. On appeal, Rodriguez claims his sentence is both procedurally and substantively unreasonable because the District Court: (1) engaged in speculation about uncharged prior criminal history; (2) gave undue weight to the seriousness of his offense while minimizing the mitigating factors; and (3) declined to recommend Rodriguez for participation in a prison drug treatment program.

We review the procedural and substantive reasonableness of a sentence for abuse of discretion. *United States v. Merced*, 603 F.3d 203, 214–15 (3d Cir. 2010); *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). The defendant bears the burden of demonstrating unreasonableness. *Merced*, 603 F.3d at 214–15; *Tomko*, 562 F.3d at 567. In assessing procedural soundness, we consider whether the District Court based its decision on any clearly erroneous factual finding, whether it correctly calculated the Guidelines range, and whether it ruled on any motions for a departure. *Merced*, 603 F.3d at 214. We also determine whether the District Court exercised independent judgment and meaningful consideration of the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Id.* at 215. The sentencing factors include, *inter alia*, the nature and

3

circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the crime's seriousness, to afford deterrence, and to protect the public from further crimes by the defendant. 18 U.S.C. § 3553(a).

If a sentence is procedurally sound, we then assess its substantive reasonableness by considering the totality of the circumstances. *Tomko*, 562 F.3d at 567. We afford great deference to the District Court's choice of sentence. *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007). We will affirm a procedurally sound sentence unless the defendant demonstrates that no reasonable sentencing court would have imposed the same sentence. *Tomko*, 562 F.3d at 568.

Rodriguez failed to present his objections after the District Court imposed the sentence. Accordingly, we review for plain error. *United States v. Flores–Mejia*, 759 F.3d 253, 258 (3d Cir. 2014) (en banc). To prevail on plain error review, Rodriguez bears the burden of establishing that there was an error (*i.e.*, an abuse of discretion), that it was plain (*i.e.*, clear under current law), and that it affected his substantial rights (*i.e.*, that it affected the outcome of the proceeding). *United States v. Olano*, 507 U.S. 725, 733–34 (1993). If these requirements are met, then we may exercise our discretion to address the error, but only if we conclude that the error seriously affected the fairness, integrity, or public reputation of the judicial proceeding. *United States v. Andrews*, 681

F.3d 509, 517 (3d Cir. 2012) (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)).

A.

Rodriguez first argues that the District Court committed procedural error and deprived him of due process "by selecting a sentence based on clearly erroneous factual information." Rodriguez Br. 16. Specifically, Rodriguez contends that the District Court engaged in "speculation regarding Rodriguez's criminality," *id.* at 15, when it made the following observation: "it is highly, highly, highly unlikely—the odds are somewhat to winning Power Ball that somebody starts at a level where they are involved with 15 to 50 kilograms of cocaine. So that is really concerning and to some extent . . . outlines I should say the parameters of your activity in this case." JA129–30.

To determine whether any error occurred, we must consider the District Court's statement in its full context to determine whether the statement was improper. *United States v. Ferguson*, 876 F.3d 512, 516 (3d Cir. 2017). To show plain error, Rodriguez must establish that, when considered in context, the District Court not only improperly referred to Rodriguez's criminal history, but also that it relied upon that history in fashioning the sentence. *Id.*

Before making the statement in question, the District Court engaged in a thoughtful discussion about the points Rodriguez raised in favor of mitigation. JA124–28. The District Court observed that Rodriguez had submitted twenty-two glowing letters from family, friends, customers, and colleagues, demonstrating his commitment to his family, his barber shop business, and his community. JA128. The District Court took

5

those letters into account, but observed that "there was another side to Paul Rodriguez in this case"—the side that participated in "a large scale conspiracy" involving "somewhere between 750,000 and two and a half million dollars['] worth of cocaine." JA128. So while the District Court accepted Rodriguez's commitment to his family, business, and community, it also noted the striking scale of Rodriguez's offense, stating "this is not about a first time offense where, you know, I used cocaine or I sold it to somebody down the street. . . . We're talking about large scale activities." JA129. Indeed, Rodriguez stipulated that he was responsible for distributing between 15 and 50 kilograms of cocaine, so it is beyond dispute that Rodriguez was involved in "large scale activities."

When the District Court's "Power Ball" statement is considered in the context of its broader discussion contrasting the severity of Rodriguez's crime with the mitigating circumstances, it is apparent that the statement does not reflect that the District Court was attributing uncharged criminal activity to Rodriguez. The District Court expressly acknowledged that this was Rodriguez's first offense, and stated unequivocally that it was not attributing any other bad acts to him. JA129, 132. In context, the "Power Ball" statement reflects the District Court's skepticism of Rodriguez's position that, as a first-time offense, his crime should be dismissed as a minor mistake. JA131 ("So this was not merely a [*sic*] everybody makes a mistake. This was a huge colossal high level mistake.").

Having carefully reviewed the transcript of the sentencing hearing and having considered the District Court's "Power Ball" statement in its full context, we are not

6

persuaded that the District Court committed any procedural error, and certainly not a plain error. Accordingly, this claim lacks merit.

B.

Rodriguez next argues that his 108-month sentence is unreasonable because, in addition to relying on speculation about uncharged past criminal activity (a claim we have already rejected), the District Court focused too heavily on the seriousness of the offense, the need for deterrence, and the potential for recidivism, and too little on the mitigating circumstances and the lesser sentences received by Rodriguez's co-defendants.

Notably, Rodriguez does not contend that the District Court committed procedural error by overlooking any mitigating circumstances or by failing to address the § 3553(a) factors. *See Tomko*, 562 F.3d at 567 (significant procedural error occurs when a court "fail[s] to consider the § 3553(a) factors" (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007))). Indeed, he cannot do so, as the record reflects that the District Court carefully and expressly considered Rodriguez's arguments for mitigation as well as all of the § 3553(a) factors.

As we understand it, Rodriguez's claim is that the sentence is substantively unsound because, although the District Court considered the § 3553(a) factors, it should have weighed them differently. But the District Court's decision to give the mitigating circumstances less weight than Rodriguez believes they deserve hardly renders the sentence substantively unreasonable. *Lessner*, 498 F.3d at 204.

As for the sentencing disparity between Rodriguez and his co-defendants, the District Court correctly attributed the difference to the individual circumstances of the

respective crimes. JA135 ("I don't find there's any unwarranted disparity in this case at all. I think you were in a different level than some of those people and . . . other factors that were incorporated into the guideline calculation for them . . . were not factored in for you."). Rodriguez concedes that his differing circumstances—particularly Rodriguez's admitted possession of a firearm—explain the increased guidelines range that applied to him. Rodriguez Br. 25–26. This undermines his claim of substantive unreasonableness, because the Sentencing Commission considered the avoidance of unwarranted sentencing disparities when it established the guidelines ranges in the first place. *United States v. Kluger*, 722 F.3d 549, 568–69 (3d Cir. 2013) (citing *Gall*, 552 U.S. at 54).

In sum, we are not persuaded that "no reasonable sentencing court" would have imposed the bottom-of-the-guidelines-range sentence that the District Court imposed here. *Tomko*, 562 F.3d at 568. Because Rodriguez has failed to establish the substantive unreasonableness of his sentence, this claim cannot survive plain error review.

C.

Finally, Rodriguez claims that the District Court abused its discretion in declining to recommend him for a prison drug treatment program. Because he identifies no procedural irregularity in this regard, we will affirm unless Rodriguez demonstrates that the decision is not entitled to our deference because no reasonable sentencing court would have done the same thing. *See Merced*, 603 F.3d at 214.

The District Court considered Rodriguez's request that he be recommended for drug treatment, but declined to make such a recommendation. It provided cogent reasons for that decision, observing that Rodriguez had been drug-free for the past two years,

8

save for a single recent incident involving marijuana. JA134. The District Court did not recommend *against* drug treatment, but simply stated that "the Bureau of Prisons can do what they see fit" and observed that the drug treatment program is limited in capacity and "there are other people in much . . . graver need of that program." *Id.*

Rodriguez has failed to identify a single case in which our Court has concluded that a failure to recommend drug treatment or a similar rehabilitative program constitutes an abuse of discretion. Given Rodriguez's relatively minor drug history in the two years prior to sentencing, we view the District Court's decision here as a sound exercise of its discretion. There is no basis to disturb the District Court's conclusion.

III.

For the foregoing reasons, we will affirm the sentence imposed by the District Court.