**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3484
_____

UNITED STATES OF AMERICA

v.

WILLIAM CHANDLER AUGUSTA
a/k/a
Guy Johnson

William Chandler Augusta,
                                            Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. Action No. 1-16-cr-00082-001)
District Judge: Honorable Yvette Kane
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 22, 2018

Before: KRAUSE, COWEN, and FUENTES, *Circuit Judges*

(Opinion filed: November 14, 2018)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge.*

Appellant William Chandler Augusta appeals the District Court's imposition of a 60-year sentence following his conviction for child pornography offenses on the ground that the sentence was procedurally incorrect. For the reasons that follow, we will affirm.

## I.  Background

Because we write primarily for the parties, we set forth only those facts necessary to our analysis. In October 2016, Augusta pleaded guilty without a plea agreement to multiple offenses involving the production and distribution of child pornography.[1] Although Augusta's offense level under the United States Sentencing Guidelines was well above the threshold offense level of 43 for life imprisonment, the District Court varied downward at sentencing to impose a sentence of 60 years' imprisonment. Augusta timely appealed.

## II.  Discussion[2]

Augusta's singular argument on appeal is that the District Court committed plain error by failing to meaningfully consider the 18 U.S.C. § 3553(a) factors. We find no

---

[1] The Superseding Indictment charged Augusta with: seven counts of producing child pornography in violation of 18 U.S.C. § 2251(a); two counts of conspiracy to produce child pornography in violation of 18 U.S.C. § 2251(e); one count of selling of children in violation of 18 U.S.C. § 2251A(a); two counts of conspiracy to receive/distribute child pornography in violation of 18 U.S.C. § 2252(a)(2); and one count of conspiracy to publish a notice or advertisement seeking child pornography in violation of 18 U.S.C. § 2251(d). Augusta pleaded guilty to all of the offenses in that Indictment.

[2] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

error, let alone plain error.[3]  At the sentencing hearing, the District Court heard from Augusta's counsel, who argued that a life sentence was not warranted in light of Augusta's youth; namely, that his conduct stretched back into his teenage years, that he himself had been a victim of sexual abuse since he was a child, and that Augusta was only 21 at the time of his sentencing.  The District Court also heard from five witnesses who testified on Augusta's behalf, including one expert witness who spoke to Augusta's extremely difficult childhood and the fact that he began engaging in sexualized chat rooms at the age of twelve, and another who spoke to the reduced risk of Augusta recidivating if released from custody after the 45-year minimum sentence he will serve on state charges.

Before imposing sentence, the District Court specifically stated that while it "t[ook] to heart what counsel has said and written about the youth of the offender," it nonetheless concluded that Augusta was "wholly culpable for the harm that he's caused." JA 291-92.  Augusta claims that the District Court discounted Augusta's young age by stating that "[no] matter what age this defendant is[] . . . the conduct in this case [was] incomprehensible."  Augusta Br. 16 (citing JA 291).  To the contrary, that statement indicated that the District Court considered both "the history and characteristics of the defendant," *and* "the nature and circumstances of the offense," yet concluded that age

---

[3] Because Augusta did not raise an objection to the District Court's consideration of the § 3553(a) factors at sentencing, we review for plain error, *United States v. Flores-Mejia*, 759 F.3d 253, 256, 259 (3d Cir. 2014), which requires Augusta to demonstrate: (1) that the court erred, (2) that the error was plain, and (3) that it "affect[ed] substantial rights." *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

was not mitigating in light of the heinousness of Augusta's crimes. 18 U.S.C. § 3553(a)(1). Similarly, Augusta's argument that the District Court failed to meaningfully consider "the need for the sentence imposed," *id.* § 3553(a)(2), lacks force given that the District Court stated that it was "not prepared" to "make the determination that no sentence other than a life sentence would meet sentencing objectives," JA 292, and that the District Court departed downward from the Guidelines sentence of life imprisonment on that basis. Accordingly, there was no procedural error.

Where "the district court's sentence is procedurally sound, we will affirm unless no reasonable sentencing court would have imposed the same sentence on [Augusta] for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009). That is not the case here, considering Augusta's conscience-shocking conduct and the fact that the District Court's 60-year sentence required a significant downward variance to impose less than the recommended Guidelines sentence of life.[4]

For the foregoing reasons, we will affirm the sentence imposed by the District Court.

---

[4] Augusta does not explicitly raise a claim concerning the substantive reasonableness of his sentence. However, even if the Court were to liberally construe his argument that his sentence is unnecessarily long as a substantive reasonableness challenge, it would fail. For the reasons previously explained, the District Court properly exercised its discretion "to determine the appropriate sentence in light of the particular circumstances of the case." *Tomko*, 562 F.3d at 561 (citations omitted).