NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1682

UNITED STATES OF AMERICA,

v.

IRVIN RANDALL NEWSWANGER,
Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 17-cr-23-01)
District Judge: Honorable Edward G. Smith
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 17, 2019
_____

Before: AMBRO, GREENAWAY, JR., and SCIRICA, *Circuit Judges*.

(Opinion filed: August 13, 2019)
_____

OPINION[*]
_____

GREENAWAY, JR., *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Irvin Randall Newswanger appeals the judgment of conviction and sentence in his criminal case, challenging the 22-year sentence for the possession and distribution of child pornography. Newswanger contends that the five-level enhancement was imposed on the basis of clearly erroneous factual findings by the District Court. Also, he argues that the sentence was substantively unreasonable given the Appellant's post-offense rehabilitation. Because we find that the five-level enhancement was supported by the record and the sentence was substantively reasonable, we will affirm the judgment of conviction and sentence.

## I.      Factual and Procedural Background

In 2012, an undercover law enforcement agent engaged Newswanger in an online chat regarding child pornography. The agent received twenty images of child pornography from Newswanger through a file-sharing program, including graphic depictions of sexual acts involving prepubescent males and a toddler female. Additionally, Newswanger engaged in online chats with the same agent, discussing downloading, distributing, and sharing files. He also engaged with another individual in the same chat room where he admitted to various sexual acts with his nephews, ages five, six, and nine.

Law enforcement agents executed a search warrant for Newswanger's residence and seized computers and other electronic media. On the day of the search, Newswanger admitted to viewing child pornography and downloading child pornography images and storing them. Later, the FBI conducted a forensic examination and recovered the chat

logs from Newswanger's conversations and determined that he possessed 367 images of child pornography. This included images on a memory card of Newswanger's nephews in a hot tub with Newswanger, as well as nude images of the nephews inside of Newswanger's house.

The FBI also interviewed a minor, JW, in March 2016.[1] JW shared that she met Newswanger when she was approximately 13 years old at a Boys and Girls Club where Newswanger was assigned as her Big Brother. She told agents that Newswanger and his partner, Scott Gibson, had sexually molested her when she was 13–14 years old. According to JW, Newswanger and Gibson performed sex acts on her by the time she was 14 and the men gave her drugs and alcohol as well.

On January 12, 2017, a grand jury indicted Newswanger, charging him with one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). Newswanger entered an open plea of guilty on July 6, 2017.

The Probation Office in the presentence investigation report determined that the base offense level was a 22 under U.S.S.G. § 2G2.2. Pursuant to that guideline, the following enhancements were applied: a two-level enhancement because some of the pornographic materials involved a prepubescent minor who had not attained the age of

---

[1] For purposes of continuity, this individual will be referred to throughout this opinion as "JW." JW was assigned male at birth and named CW when she first met Newswanger in the Big Brother program. JW testified that she was transgender and was transitioning to female at the time of the sentencing hearing.

3

twelve; a five-level enhancement for distribution of child pornography; a four-level enhancement because the material included images of sadistic or masochistic conduct; a five-level increase for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor; a two-level enhancement for the use of a computer for the receipt and distribution of child pornography; and a four-level enhancement for possessing at least 300 images of child pornography but less than 600.

The total adjusted offense level was 44, which was decreased by two levels for acceptance of responsibility and one level for assisting authorities in the investigation for a final total offense level of 41. Due to a previous conviction, Newswanger has a criminal history category of one. Based on the total offense level of 41 and a criminal history category of one, the guideline imprisonment range was 324 months to 405 months, with a minimum sentence of 360 months.

The Court concluded that 18 U.S.C. § 3553(a) factors supported a downward variance and sentenced Newswanger to 264 months' imprisonment and a term of supervised release of 20 years, and ordered him to pay restitution of $9,000, a $25,000 fine and a special assessment of $200. Newswanger timely appealed.

## II. Jurisdiction

This Court has jurisdiction over this matter under 28 U.S.C. § 1291. Additionally, this Court has jurisdiction to review the sentence imposed under the Sentencing Reform Act of 1984 under 18 U.S.C. § 3742(a).

## III. Discussion

Newswanger argues that the District Court committed clear error in applying a five-level enhancement under the Sentencing Guidelines for a pattern of activity involving sexual abuse.[2]  Specifically, Newswanger argues that the District Court relied on JW's contradicted testimony in determining the enhancement, and committed clear error by finding JW's testimony credible.  This Court exercises plenary review of an interpretation of the Sentencing Guidelines and reviews findings of facts for clear error. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc).   A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing Court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (internal citations omitted).

Newswanger contests one enhancement pursuant to Section 2G2.2(b)(5)—the five-level increase for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor.  In his estimation, it was based on the testimony of JW, whose

[2] In its brief, the Government contends that Newswanger did not properly object to the District Court's ruling on the ground that the Court failed to specify the exact act or acts of sexual abuse or exploitation.  Gov't Br. at 39.  For this failure, the Government argues that Newswanger's challenge to the application of the five-level enhancement is subject to plain error review. *United States v. Flores-Mejia*, 759 F.3d 253, 257 (3d Cir. 2014) (en banc). *Flores-Mejia* establishes that in order to preserve a procedural objection to the District Court's failure to meaningfully consider a defendant's sentencing arguments for appeal, and avert plain error review, the defendant must object after the sentence is pronounced.  Here, Newswanger is not arguing that the District Court failed to meaningfully review his substantive arguments, but that his sentence was not substantively reasonable, as he clarified in his reply brief.  As this is not a procedural argument, and substantive arguments do not require a post-sentencing objection, plain error review is not applicable, and Newswanger properly preserved the issue for appeal. *Id.*

5

allegations Newswanger asserts are false. The District Court considered all the evidence that was presented by both parties in addition to counsels' arguments and determined by application of the preponderance standard that there was sufficient evidence to support the five-level enhancement. As a preliminary matter, although JW's testimony contradicted itself at times, the District Court concluded that the photos found on Newswanger's computer corroborated important parts of JW's testimony. The District Court also found it unlikely that Newswanger and JW could have known one another since JW was a preteen with no inappropriate sexual interaction, yet be in a consensual sexual relationship when JW turned 18. This analysis supported the District Court's determination that there was a pattern of activity involving the sexual abuse or exploitation of JW.

Additionally, Newswanger's insistence that JW's testimony was the only evidence supporting the enhancement is misplaced. Inappropriate photos of Newswanger's nephews in combination with the illegal sexual activities Newswanger admitted to in online chat rooms served as supporting evidence for the five-level enhancement. These activities evinced a pattern of activity of abuse or exploitation of his nephews.

Finally, the Court imposed a below-guideline sentence, which was reasonable given the crimes to which Newswanger pled guilty. The Court of Appeals reviews a final sentence for unreasonableness. *United States v. Booker*, 543 U.S. 220, 261 (2005). Federal appellate courts may apply a presumption of reasonableness to district court sentences that are within the properly calculated Sentencing Guidelines range. *Rita v.*

6

*United States*, 551 U.S. 338, 347 (2007). Newswanger is not claiming that there was a miscalculation in determining his guidelines range or that the District Court failed to consider § 3553(a) factors, which would be procedural arguments. *United States v. Flores-Mejia*, 759 F.3d 253, 256–57 (3d Cir. 2014) (en banc). Rather, he objects to the application of the five-level sentencing enhancement based on supporting evidence, which is a substantive argument. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). Substantive review focuses on "the totality of the circumstances" and this Court applies an abuse-of-discretion standard to a substantive reasonableness inquiry. *Id.* We "must decide [] whether the district judge imposed the sentence he or she did for reasons that are logical and consistent with the factors set forth in section 3553(a)." *Tomko*, 562 F.3d at 568 (internal quotes and citations omitted).

Newswanger argues that the District Court misapplied a five-level enhancement and increased his sentence by approximately eleven to fourteen years. However, the Court correctly calculated his sentence and acknowledged his § 3553(a) factors, which supported a downward variance to a 264-month sentence. The District Court heard testimony from the parents of Newswanger's nephews about his relationship with them, as well as testimony by trained medical professionals. The testimony of these witnesses fell within the ambit of Newswanger's rehabilitation and the District Court took them into account. Although the Court would have imposed a 360-month minimum sentence without granting a downward variance, Newswanger's ultimate sentence was eight years shorter than required. As the District Court appropriately weighed the evidence for both

7

the five-level enhancement and the § 3553(a) factors, this sentence was substantively reasonable.

## IV. Conclusion

The Government demonstrated by a preponderance of the evidence via two different avenues that Newswanger engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, thus supporting the five-level enhancement. Although Newswanger has both accepted responsibility for his crimes and undergone treatment, this does not undermine the severity of his crimes. The District Court did not commit clear error in assigning credibility to JW's testimony, which was corroborated by photos found on Newswanger's computer and his own admissions, including his online conversation about his inappropriate activities with his nephews evincing a pattern of sexual abuse or exploitation of minors. Finally, the District Court's sentence was substantively reasonable, as it correctly weighed the evidence of the five-level enhancement and § 3553(a) factors in determining Newswanger's sentence. For the above reasons, we will affirm the sentence of the District Court.