NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 18-3792

————————

UNITED STATES OF AMERICA

v.

STEVEN M. DYKE,
                    Appellant

————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim Action No. 1-06-cr-00155-001)
District Judge: Honorable Yvette Kane

————————

Submitted Under Third Circuit L.A.R. 34.1(a)
September 10, 2019

————————

Before: HARDIMAN, GREENAWAY, JR., and BIBAS, *Circuit Judges*.

(Opinion Filed:  September 27, 2019)

————————

OPINION*

————————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Appellant Steven Dyke appeals his judgment of sentence following his third violation of the terms of his supervised release. Dyke contends that the District Court imposed an unreasonable sentence of twelve months, three months above the uppermost range recommended under the U.S. Sentencing Guidelines. Because we find that the upward departure was both procedurally and substantively reasonable, we will affirm.

## I.    Factual Background/Procedural History

In 2006, Dyke was charged with, and pled guilty to, possession of child pornography in violation of 18 U.S.C. § 2252A. The probation office determined that Dyke had a criminal history category I and that his total offense level was 29, which carried a guidelines calculation of 87–108 months. The District Court sentenced Dyke to 87 months' imprisonment and a life term of supervised release. The District Court also imposed conditions of his supervised release which included "participat[ing] in a sex offender treatment program"; "comply[ing] with all requirements of the treatment provider"; "not associat[ing] with children under the age of eighteen except in the presence of an adult" approved by his probation officer; "comply[ing] with the registration requirements of the sex offender registry;" and, "not us[ing] a computer with access to any 'on-line computer service' without prior written approval of the probation officer." App. 44.

On September 17, 2013, Dyke violated the conditions of his supervised release. Dyke was discharged from a sex offender treatment program after failing to comply with

2

all of the program's requirements. He also engaged in prohibited contact with minors and used a computer with internet access without prior written approval from his probation officer. The District Court sentenced him to 6 months' imprisonment with 20 years' supervised release.

A year later, Dyke once again violated the conditions of his supervised release by failing to successfully complete sex offender treatment, having unauthorized contact with a minor, and accessing a computer with internet access. The District Court sentenced Dyke to 9 months' imprisonment followed by a 20-year term of supervised release.

On November 9, 2018, Dyke again violated the conditions of his supervised release for identical reasons he had on the two prior violations—unauthorized interaction with minors, failure to complete sex offender treatment, and unauthorized use of a computer with internet access. A month later, Dyke admitted to these violations at a sentencing hearing before the District Court. At that time, the probation office recommended a sentence of 3–9 months, based on the Revocation Table of the Guidelines. Additionally, the probation office noted, in accordance with Application Note 3 of U.S.S.G. § 7B1.4, Dyke's violation was associated with a high risk of new felonious conduct, in which case, "an upward departure may be warranted." Appellee's Br. at 6 (internal quotations omitted).

The District Court indeed upwardly varied and imposed a term of imprisonment of 12 months, "find[ing] that a sentence above the guideline range [was] appropriate under all of the circumstances." App. 85. The District Court imposed this sentence "[p]ursuant

to the Sentencing Reform Act of 1984 and after having considered the factors listed in 18, United States Code, Section 3553." *Id*. After the imposition of sentence, the Court asked if there was anything further for the record, to which Dyke's counsel replied that there was nothing further. This timely appeal followed.

## II.    Discussion[1]

This Court exercises plenary review of an interpretation of the Sentencing Guidelines and reviews findings of facts for clear error. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc). A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing Court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation mark omitted).

Our appellate review proceeds in two stages: first, we must "ensure that the district court committed no significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007). This includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.*; *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). If the District

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction over this matter under 28 U.S.C. § 1291. Additionally, this Court has jurisdiction to review the sentence imposed under the Sentencing Reform Act of 1984 under 18 U.S.C. § 3742(a).

Court's process was correct, "we then, at stage two, consider its substantive reasonableness." *Tomko*, 562 F.3d at 567 (internal quotations and citations omitted). "Our substantive review requires us not to focus on one or two factors, but on the totality of the circumstances." *Id*. "At both stages of our review, the party challenging the sentence has the burden of demonstrating unreasonableness." *Id*. "Where, as here, a district court decides to vary from the Guidelines' recommendations, we 'must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *Id*. at 561 (quoting *Gall*, 552 U.S. at 51).

Dyke brings both a procedural and a substantive challenge to his imposed sentence, asserting that his sentence was issued without calculation or consideration of the Guidelines range and that the sentence was unreasonable. Procedurally, he argues that the District Court did not calculate his sentence under the recommended Guidelines range, nor did it give this range due consideration. *United States v. Flores-Mejia* establishes that in order to preserve a procedural objection to the District Court's failure to meaningfully consider a defendant's sentencing arguments for appeal, and avert plain error review, the defendant must object *after* the sentence is pronounced. 759 F.3d 253, 255 (3d Cir. 2014) (en banc). Dyke's counsel did not preserve a procedural objection after the sentence was pronounced, as he declined any further substantive comment on the record following the sentence.

Therefore, we review Dyke's procedural argument for plain error. Rule 52(b) of the Federal Rules of Criminal Procedure raises the standard to obtain relief: "A plain

error that seriously affects substantial rights may be considered even though it was not brought to the court's attention." An error is plain if it is "clear" or "obvious," "affects substantial rights," and "affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006) (quoting *United States v. Olano*, 507 U.S. 725, 732, 734, 736 (1993)). The burden is on the Appellant, Dyke, to establish plain error. *Olano*, 507 U.S. at 734–35.

Simply put, Dyke's assertions are incorrect, and thus his procedural challenge fails. The District Court did not fail to calculate Dyke's Guidelines range. Pursuant to U.S.S.G. § 7B1.4(a), the Court calculated his range as 3–9 months. Also, the Court did not fail to explain its departure from the Guidelines range. It acknowledged the recommended range and stated that given Dyke's "prior two revocations" and that he has been assessed as "oppositional, avoiding treatment, and really minimizing his conduct with children that clearly violate his conditions of supervision," "a sentence above the guidelines range is appropriate under all of the circumstances." App. 85.

Finally, the District Court's upward departure was substantively reasonable. This Court must evaluate whether "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided" to consider Dyke's sentence substantively unreasonable. *Tomko*, 562 F.3d at 568. Dyke asserts that the District Court did not "consider the nature or seriousness of Mr. Dyke's prior violations," but this too is false, and the underlying facts actually bolster the District Court's upward departure. Appellant's Br. at 9. The District Court noted that this was

the third time Dyke was before it for violating the terms of his supervised release and that he continues to violate the same terms—prohibited contact with minors and complying with treatment requirements. Application Note 3 of U.S.S.G. § 7B1.4[2] notes that "an upward departure may be warranted" where a "violation . . . is associated with a high risk of new felonious conduct." Dyke's repeated offenses involving contact with minors where his original offense was possession of child pornography support this departure.

In upwardly departing from the Guidelines range by three months, the District Court also noted that it "considered the factors listed in 18, United States Code, Section 3553." App. 85. This, in addition to the fact that this was the fourth time Dyke was before Judge Kane, who was thoroughly familiar with Dyke's case, further supports our conclusion that Dyke's sentence was substantively reasonable given the totality of the circumstances.

### III.   Conclusion

In conclusion, the District Court's sentence was both procedurally and substantively reasonable. The District Court did not commit plain error in acknowledging Dyke's Guidelines range, considering his § 3553(a) factors, and explaining its departure from the Guidelines range. Substantively, a three-month upward

---

[2] Perhaps even more illuminating is that in whole, Note 3 states: "In the case of a Grade C violation that is associated with a high risk of new felonious conduct (e.g., a defendant, under supervision for conviction of criminal sexual abuse, violates the condition that the defendant not associate with children by loitering near a schoolyard), an upward departure may be warranted." U.S.S.G. 7B1.4, Application n.3.

departure for a three-time repeat offender was reasonable.  For the foregoing reasons, we will affirm.