**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-3511
_____

UNITED STATES OF AMERICA

v.

JAY EUGENE REED,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No.: 1-15-cr-00193-001)
District Court Judge:  Honorable Yvette Kane

Submitted Under Third Circuit LAR 34.1(a)
on September 17, 2019

Before: KRAUSE, MATEY, and RENDELL, *Circuit Judges*

(Opinion filed: December 4, 2019)

———————

O P I N I O N*

———————

**RENDEL**L, <u>Circuit Judge</u>:

Appellant Jay Eugene Reed pleaded guilty to one count of production of child pornography, one count of possession of child pornography involving minors under age twelve, and two counts of witness tampering. The District Court sentenced Reed to 840 months' imprisonment. Reed now appeals his sentence, arguing that the District Court committed procedural error and that his sentence is substantively unreasonable. For the reasons that follow, we will affirm the District Court's sentence.

## I.     BACKGROUND

In 2013, Reed moved to Three Springs, Florida, where he lived with Deborah Baughman, her daughter, and her two young granddaughters. Two years later, a friend of one of Baughman's granddaughters informed police that Reed had molested her. In the ensuing investigation, three other minor children between the ages of nine and thirteen came forward with similar allegations, including Baughman's two granddaughters. The victims reported that Reed molested them and/or took photographs of their genitals.

The police searched Reed's home and seized his electronic devices, which contained hundreds of images of child pornography, including images of three of the minor children Reed had assaulted. Reed was arrested, and shortly thereafter, contacted

———————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Baughman and one of his victims, instructing them to not speak to anyone about the case. He also contacted Baughman's daughter and told her not to take her daughters to the Children's Advocacy Center.

Reed was charged with one count of production of child pornography, one count of possession of child pornography involving minors under age twelve, and two counts of witness tampering. He pleaded guilty to all counts without a plea agreement. Following the plea, the United States Probation Office calculated Reed's Guideline range to be life in prison, which was lowered to 1,080 months due to statutory maximums.

Reed submitted a sentencing memorandum, accompanied by an expert report from a psychiatrist, Dr. Joseph Silverman. Relying on Dr. Silverman's findings, Reed argued that his pedophilic behavior was not inherent, but a symptom of a brain disorder. Dr. Silverman also appeared at Reed's sentencing hearing and testified that Reed's brain dysfunction "may have induced the change in sexual interest and behavior that led to criminal activity." A. 79. He distinguished inherent pedophilia from "late in life" pedophilic behaviors but acknowledged that no such distinction is recognized in the Diagnostic and Statistical Manual of Mental Disorders, the authoritative work on mental disorders. *Id*. at 11. Based on this, Reed argued for the statutory minimum sentence of fifteen years' imprisonment.

The District Court sentenced Reed to 840 months' imprisonment. This appeal followed. Reed argues that the District Court committed procedural error by failing to evaluate his sentence using the proper sentencing procedures. He also argues that his sentence is substantively unreasonable.

3

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review Reed's substantive reasonableness argument for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). We review any procedural objections that were not specifically raised before the District Court for plain error. *United States v. Christie*, 624 F.3d 558, 567 (3d Cir. 2010). "[I]n a criminal prosecution, unless a relevant objection has been made earlier, a party must object to a procedural error after the sentence is pronounced in order to preserve the error and avoid plain error review." *United States v. Flores-Mejia*, 759 F.3d 253, 258 (3d Cir. 2014) (en banc). Reed argues that our review over his procedural claim should be plenary. However, Reed did not raise the claim of procedural error until this appeal was filed, and therefore cannot avoid plain error review on that issue. "An error is plain if it is clear or obvious, affects substantial rights, and affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 259 (citations and internal quotation marks omitted).

## III. DISCUSSION

### A. Procedural Error

Reed argues that the District Court committed procedural error by improperly dismissing Dr. Silverman's psychiatric testimony. We find no plain error.

First, Reed argues that the District Court improperly assessed Dr. Silverman's testimony under the heightened evidentiary standard set forth in *Daubert v. Merrell Dow*

4

*Pharms., Inc.*, 509 U.S. 579 (1993), rather than the lower standard that typically applies to evidence presented at a sentencing hearing. *See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). Reed relies on one sentence from the sentencing hearing, where the District Court noted, "[w]ere [Dr. Silverman] here on a *Daubert* motion, I would likely reject the conclusions that he's offered to the court." A. 90.

The District Court's passing reference to *Daubert* does not indicate that it was evaluating the admissibility of the testimony under Federal Rule of Evidence 702. Rather, the District Court specifically stated that "[i]n evaluating the defendant's conduct, of course, the court has to weigh the willfulness of what he has done, and Dr. Silverman's testimony is very important in doing that." A. 90. The District Court then proceeded to analyze the expert's statements, along with the severity of Reed's actions.

Second, Reed argues that by applying the heightened standard to Dr. Silverman's testimony, the District Court did not adhere to its obligations under 18 U.S.C. § 3553(a). District courts must follow a three-step process when sentencing a defendant. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). First, a district court must calculate the defendant's sentence using the procedures outlined in the Federal Sentencing Guidelines. *Id.* Next, it must "formally rule on the motions of both parties and state on the record whether they are granting a departure [from the Guidelines] and how that departure affects the Guidelines calculation . . . ." *Id.* (citation and internal quotation

5

marks and alterations omitted).  Finally, a district court must consider the relevant factors and exercise its discretion accordingly.  *Id.*  "[A] district court is 'not required to comment explicitly on every § 3553(a) factor [if] the record makes clear the court took the factors into account in sentencing.'"  *United States v. Howe*, 543 F.3d 128, 137 (3d Cir. 2008) (quoting *United States v. Parker*, 462 F.3d 273, 278 (3d Cir. 2006)).

Here, the District Court followed this three-step process.  The District Court completed a Guidelines calculation and arrived at a maximum sentence of 1,080 months. When Reed's counsel requested the statutory minimum sentence of fifteen years' imprisonment, the District Court addressed arguments raised about his age, health, and lack of criminal history, weighed those factors against the severity of the crime, and ultimately decided to impose a higher sentence.  The District Court considered the § 3553(a) sentencing factors, explaining that the sentence imposed was "sufficient to punish, deter, promote respect for the law, and reflect the seriousness of the defendant's conduct," and discussed the severity of harm done to Reed's victims.  A. 91.  Given that the 840-month sentence is twenty years below the maximum Guidelines sentence, we find no plain error.

## B.    Substantive Reasonableness

Reed also argues that his 840-month sentence is substantively unreasonable.  He cites to his age, health issues, and minimal criminal history as evidence that the sentence should be closer to the statutory minimum of fifteen years' imprisonment.

In reviewing for substantive reasonableness, "we will affirm [the sentence] unless no reasonable sentencing court would have imposed the same sentence on that particular

6

defendant for the reasons the district court provided." *United States v. Negroni*, 638 F.3d 434, 443 (3d Cir. 2011) (quoting *Tomko*, 562 F.3d at 567).  Given the nature and severity of Reed's crimes and the below-guidelines sentence length, the sentence imposed was substantively reasonable.  We do not find that the District Court abused its discretion when it sentenced Reed to 840 months' imprisonment.

## IV.    CONCLUSION

For the foregoing reasons, we will affirm the sentence imposed by the District Court.