**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2356

_____

UNITED STATES OF AMERICA

v.

TYRONE MITCHELL, a/k/a FOX,

                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:12-cr-00172-001)
District Judge: Honorable Paul S. Diamond

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 24, 2024

Before: KRAUSE, BIBAS, and AMBRO, *Circuit Judges*

(Filed: September 24, 2024)

_____

OPINION*

_____

BIBAS, *Circuit Judge*.

Though defendants are free to seek leniency, sentencing judges are free to deny it. In

2017, a federal jury convicted Tyrone Mitchell of 17 drug-dealing and related gun crimes.

The District Court sentenced him to 85 years' imprisonment followed by 8 years'

_____

*  This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

supervised release. We affirmed his conviction but vacated and remanded for resentencing because "the District Court plainly erred by relying on Mitchell's bare arrest record to determine his sentence." *United States v. Mitchell*, 944 F.3d 116, 117 (3d Cir. 2019).

At Mitchell's second sentencing, the government dismissed three felon-in-possession charges. The District Court resentenced him to just over 74½ years in prison plus 8 years' supervised release. On appeal, we again vacated his sentence and remanded, holding that the First Step Act applied retroactively to his resentencing. *United States v. Mitchell*, 38 F.4th 382, 385 (3d Cir. 2022).

At Mitchell's third sentencing, the District Court resentenced him to just over 19½ years in prison on the drug charges followed by 5 consecutive years on each of the three remaining gun charges. Putting those together, his sentence totaled just over 34½ years' imprisonment followed by 8 years' supervised release.

Mitchell now appeals a third time. He claims that the District Court (1) should have granted the government's request to vary downward based on the sentencing disparity between crack and powder cocaine; (2) gave inadequate reasons for its sentence; and (3) imposed a substantively unreasonable sentence. But the third time is no charm; all three claims fail.

*First*, the District Court properly denied the downward variance. It does not matter whether we review for abuse of discretion or plain error, as the parties dispute. There was no procedural error, and a reasonable sentencing court would have imposed the same sentence on Mitchell for the reasons the district judge gave. *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Mitchell says the judge mistakenly believed that he

2

lacked the power to vary downward because he misunderstood Third Circuit caselaw. But the district judge did not hold this mistaken belief. Rather, he considered two nonprecedential decisions of this Court that had upheld a district court's discretion to grant or deny variances based on the sentencing differential between crack and powder cocaine. Then he denied the variance by applying his own discretion to these facts: "given the facts of this case, I am not inclined to grant the downward variance requested." App. 142. That was proper.

*Second*, the District Court gave enough reasons for sentencing Mitchell at the top of the range. Because Mitchell never objected below, we review for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (en banc). There was no error, let alone plain error. "[T]o satisfy [18 U.S.C.] § 3553(c), a district court needs to provide only concrete reasons that justify a sentence." *Mitchell*, 38 F.4th at 391 (internal quotation marks omitted). It need not say much. *See United States v. Lloyd*, 469 F.3d 319, 326 (3d Cir. 2006).

The district judge said enough. He considered retribution, deterrence, and incapacitation. As he noted, "[t]he defendant's crimes were poisonous and serious. His criminal record is serious. And I believe the defendant is perfectly capable, and indeed inclined, to commit crimes if he is at liberty once again." App. 139. Plus, as the district judge explained, Mitchell had shown little if any remorse. That was plenty.

*Finally*, the sentence was substantively reasonable. We review deferentially, asking if any reasonable court would have given the same defendant the same sentence for the same reasons. *Tomko*, 562 F.3d at 568. Mitchell and the probation office sought 25 years, while the government suggested 27½. Mitchell argues that by giving him 34½ years, the District

Court failed to give the minimum needed to serve the purposes of punishment. *See* § 3553(a) (requiring courts to "impose a sentence [that is] sufficient, but not greater than necessary").

But the District Court sentenced Mitchell within the Guidelines range. We may presume that sentences within the Guidelines range are reasonable, and we choose to apply that presumption here. *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020). The district judge gave cogent reasons for the sentence he chose, and his choice was reasonable. We will thus affirm.