**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2593
_____

UNITED STATES OF AMERICA

v.

BRAHIM ABREU-BENITEZ,

a/k/a Lawrence Reyes Cartagena,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-24-cr-00036-001)
District Judge: Honorable Mitchell S. Goldberg

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 20, 2025

Before: HARDIMAN, FREEMAN, and CHUNG, *Circuit Judges*.
(Filed: October 23, 2025)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Brahim Abreu-Benitez appeals his judgment of sentence, claiming that the District Court erred procedurally by failing to articulate its reasons for the 21-month sentence. Because the record shows otherwise, we will affirm.

I

In July 2017, Abreu-Benitez was removed from the United States to the Dominican Republic after a drug trafficking arrest in Delaware. After his removal, Abreu-Benitez unlawfully reentered the United States.

In January 2019—18 months after his removal—police arrested Abreu-Benitez in Delaware County, Pennsylvania for drug trafficking. The state court convicted him of possession of controlled substances with intent to deliver and related offenses, and sentenced him to 90 to 180 months' imprisonment.

Almost five years later and just before the statute of limitations would have expired, the Government charged Abreu-Benitez in January 2024 with unlawful reentry into the United States after removal in violation of 8 U.S.C. § 1326(a). At the time of the indictment, he was still serving his state sentence. Abreu-Benitez pleaded guilty to the federal offense without a plea agreement.

The United States Probation Office calculated Abreu-Benitez's advisory Guidelines range as 21 to 24 months' imprisonment. The District Court agreed with that calculation and neither party objected.

Prior to his sentencing hearing, Abreu-Benitez filed a written memorandum arguing for no more than six months' imprisonment. And at the hearing, he requested a

2

substantial downward variance for several reasons. As relevant here, he argued that application of the Guidelines range would be unjust because he had served significant time for his state offense and the Government could have indicted him for the federal offense sooner. According to Abreu-Benitez, had the Government adopted the Pennsylvania drug charges and indicted him after his 2019 arrest—when the Government might have known of his illegal reentry—the Guidelines range would have been 33 to 41 months' total imprisonment for both offenses. Had that occurred, he would have completed his sentence for both crimes before the Government charged him for the federal offense in January 2024. Emphasizing this perceived unfairness, Abreu-Benitez urged the District Court to vary from the Guidelines range.

The District Court heard arguments from both sides. After what it called a "really good discussion," App. 77, the Court stated that it had "considered all the [18 U.S.C. § 3553(a) sentencing] factors," App. 77, and declined to vary downward from the Guidelines range. Acknowledging that the unlawful reentry was "completely and totally separate" from the 2019 state crime, App. 76, the Court announced that it would impose a bottom-of-the-Guidelines sentence of 21 months' imprisonment.

Abreu-Benitez's counsel then asked the District Court to run the federal sentence concurrently to his state sentence. Referencing the § 3553(a) factors, counsel again emphasized that Abreu-Benitez had served significant time on his state sentence, so additional time was unnecessary.

In response, the District Court expressed uncertainty because it was unclear whether Abreu-Benitez would be paroled early on his state sentence, resulting in far less

time for the "totally separate" federal offense. App. 76. The Court acknowledged the Government's concern that if Abreu-Benitez were paroled early, he would essentially "skate[]" on the federal sentence. App. 81. But if Abreu-Benitez did not receive parole, a consecutive sentence would be excessive. To "problem solve," App. 85, the Court announced that 6 months of the 21-month federal sentence would run concurrently, and the remaining 15 months would run consecutively.

The District Court then asked the parties if either had "[a]ny big problems" with its decision. App. 85. Abreu-Benitez's counsel noted only that she had "never heard of a sentence like that," App. 85, but would "talk [with her] appeals unit" and "readdress the Court if there's . . . something." App. 86. Without readdressing the District Court, Abreu-Benitez timely appealed.

## II[1]

Abreu-Benitez did not object after the imposition of sentence, so we review only for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (en banc). Abreu-Benitez resists this conclusion, however, arguing that his counsel's request for a concurrent sentence was functionally an objection. But even if that request were an objection, counsel did not object to the District Court's imposition of the final, partially concurrent sentence.

A sentencing judge need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis" for his decision. *Rita*

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

*v. United States*, 551 U.S. 338, 356 (2007). And for an error to be plain, it must be "clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Here, through a lengthy colloquy with the parties, the District Court engaged with Abreu-Benitez's arguments about: (1) the timing of the indictment; (2) his family history; (3) socioeconomic factors that drive these types of offenses; (4) the seriousness of his offense; (5) the deterrent effects of the proposed sentence; and (6) why the federal sentence should run concurrently.

The District Court fully considered Abreu-Benitez's sentencing arguments and repeatedly made its sentencing rationale clear—the prior state offense and the federal offense at issue were "completely and totally separate instances," App. 76, with different harms. So it committed no error—much less plain error—when it imposed a partially concurrent sentence of 21 months' imprisonment for Abreu-Benitez's reentry after removal in violation of 8 U.S.C. § 1326(a).

\* \* \*

For the reasons stated, we will affirm the District Court's judgment of sentence.