**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1438
_____

UNITED STATES OF AMERICA

v.

JAMIR M. CERUTI,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4:20-cr-00021-001)
District Judge: Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 12, 2025
_____

Before: SHWARTZ, MATEY, and MONTGOMERY-REEVES, *Circuit Judges*

(Filed December 19, 2025)
_____

OPINION[*]
_____

---

[*]This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

One month after he was released from prison and began a three-year term of supervised release, Ceruti was arrested for possessing narcotics. Later, Ceruti told his probation officer that he used narcotics on two separate occasions. The Government sought revocation of Ceruti's supervised release based only on his admitted use of narcotics to his probation officer, and the District Court revoked Ceruti's supervised release and sentenced him to twelve months in prison followed by six months in a residential re-entry center and another two years of supervised release. Ceruti argues that his sentence was procedurally unreasonable[1] because the court improperly found that he used narcotics one month after his release from prison by relying on the substances that police claimed he possessed when he was stopped, which Ceruti disputes.

We disagree. Even if the District Court erroneously inferred that Ceruti possessed drugs when the police stopped him, and even assuming such an error was plain, it did not impact Ceruti's substantial rights. *See United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006) ("[A]n error affects substantial rights when it is prejudicial, i.e., it 'affected the outcome of the district court proceedings.'" (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993))). The advisory guideline range of 6 to 12 months' imprisonment remained the same. And Ceruti's sentence was unaffected because the District Court

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Ceruti waived any challenge to the sentence's substantive reasonableness. Because Ceruti did not raise his procedural objection below, we review his claim for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc).

considered numerous factors including Ceruti's background, his "continued lack of respect for the law" as demonstrated by his failure to comply with his conditions of release and "repeated failure to appear for mandatory court proceedings," and his acknowledged drug use, all leading the court to conclude that incarceration would "provide Mr. Ceruti with yet another opportunity to purge his system of the substances to which he is addicted." App. 46. For those reasons, we will affirm Ceruti's sentence.